2022 IL App (1st) 210027

FIFTH DIVISION
June 10, 2022

Nos. 1-21-0027, 1-21-0028 cons.

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeals from the Circuit Court |
| | ) | of Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | No. 92 CR 19775 |
| | ) | (Appeal no. 1-21-0028) |
| v. | ) | |
| | ) | No. 93 CR 6700 |
| | ) | (Appeal no. 1-21-0027) |
| JOSEPH SOSANI, | ) | |
| | ) | Honorable Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE DELORT delivered the judgment of the court, with opinion.
Justices Hoffman and Cunningham concurred in the judgment and opinion.

**OPINION**

¶ 1                                        BACKGROUND

¶ 2     Defendant-appellant Joseph Sosani appeals orders of the circuit court of Cook County

dismissing petitions he filed pursuant to section 2-1401 of the Code of Civil Procedure (Code)

(735 ILCS 5/2-1401 (West 2018)). The petitions sought to vacate guilty pleas he made in 1993

and 1995 in the course of two separate criminal prosecutions. We affirm.

¶ 3                                    FACTS

¶ 4      These consolidated appeals involve two separate sets of criminal charges that were filed a year apart. We begin with the case with the lower appellate court docket number, although it involved acts occurring after those alleged in the other case.

¶ 5             *Circuit Court Case No. 93-CR-6700 (Appellate Court Docket No. 1-21-0027)*

¶ 6      Sosani was indicted in case No. 93-CR-6700 for possession of a controlled substance (cocaine) with intent to deliver (Ill. Rev. Stat. 1989, ch. 56½, ¶ 1401(a)(2)(B)) and possession of cannabis with intent to deliver (*id.* ¶ 705(e)), relating to acts that allegedly occurred on or about March 6, 1993.

¶ 7      After the circuit court set Sosani's bond pending trial, he filed a motion seeking reduction of the bond, stating, *inter alia*, "defendant is a *legal* alien with no passport." (Emphasis added.) On May 23, 1995, he pleaded guilty to the charges and was sentenced to 10 years' imprisonment on the cocaine charge and 3 years' imprisonment on the cannabis charge, to run concurrently. On June 23, 1995, he filed a motion to withdraw his guilty plea, but the circuit court denied that motion. He appealed, and on May 10, 1996, this court granted his motion for summary reversal based on noncompliance with Illinois Supreme Court Rule 604(d) (eff. Aug. 1, 1992), with respect to his guilty plea. *People v. Sosani*, No. 1-95-2907 (1996) (unpublished summary order under Illinois Supreme Court Rule 23(c)). This court remanded the case with instructions to allow defendant "to file an amended motion to withdraw his guilty plea and/or a motion to reconsider his sentence and for a hearing on the motion filed." *Id.*

¶ 8      After the remand, Sosani's lawyer filed an amended motion to withdraw his guilty plea, reciting that Sosani "was born in the country of Iran and he is subject to deportation" and that he "was unaware of the consequences at the time of the tender of the plea of guilty." The motion

included an affidavit from Sosani stating that at no time did his original lawyer advise him that a guilty plea could result in his deportation, even though the attorney knew Sosani was an alien and that a deportation proceeding was pending against him. In response to the motion, the State presented direct quotations from the transcript of a pre-plea hearing, attended by Sosani, in which the assistant state's attorney stated, "There is an INS factor which may require additional admonishment." Sosani's attorney responded, "I have discussed it with Mr. Sosani. He has been granted political asylum. We have no idea exactly how INS will proceed on that."

¶ 9       On September 23, 1997, the circuit court conducted a hearing, again attended by Sosani, during which his attorney presented a Rule 604(d) certificate and then withdrew the amended motion to vacate the guilty plea, stating that it was Sosani's "desire" to do so.

¶ 10      On July 10, 2020, Sosani filed a "motion" pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)), to vacate his 1995 conviction.[1] It alleged that Sosani was a citizen of Iran living legally in the United States under a program called "withholding of removal" and that his previously status as a legal permanent resident of the United States terminated due to his conviction. It also alleged that Sosani's attorney inexplicably withdrew the postremand amended motion to withdraw the guilty plea.

¶ 11      The petition contained two parts. In the first part, which Sosani characterized as a "standard" section 2-1401 petition, Sosani conceded that the petition was untimely because it was filed more than two years after the underlying judgment. However, he claimed that (1) the 1995 conviction was not final under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) because

---

[1]A party seeking relief pursuant to section 2-1401 of the Code must file a petition, not a motion. See 735 ILCS 2-1401(a) (West 2018). Since the content of a pleading governs over its label, this error was not fatal. *Casteel v. Jiminez*, 2022 IL App (1st) 201288, ¶ 20 (noting that this mischaracterization is a "common error"). For sake of clarity and consistency with the governing statute and established case law, we will refer to Sosani's section 2-1401 motions as "petitions."

Sosani had filed a *pro se* postconviction motion to vacate his plea and therefore not all claims had been adjudicated, rendering the conviction nonfinal and subject to further review by the circuit court and (2) the court could equitably toll the statute of limitations because his case "fell through the proverbial cracks" and it presented "extraordinary circumstances."

¶ 12    In the second part of the petition, Sosani argued that the judgment was void, so it could be vacated at any time, notwithstanding the usual two-year limitations period. In support of his voidness claim, Sosani asserted that his due process rights were violated because, among other things, the circuit court had denied a motion Sosani filed *pro se* when he was already represented by counsel. The petition was supported by an affidavit in which Sosani stated that he never understood that pleading guilty might carry permanent immigration consequences and that he did not want his attorney to withdraw the postremand amended petition to vacate his guilty plea.

¶ 13    The State filed a combined motion to dismiss the section 2-1401 petition pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2018)). The State argued that the petition was untimely and that the conviction was not void. On September 1, 2020, after briefing, the circuit court conducted consolidated arguments on both the section 2-1401 petition filed in this case and in the related case. The court granted the State's motions to dismiss and dismissed both section 2-1401 petitions, stating that it found, among other things, that the petition was barred by the two-year statute of limitations. The court's written order does not indicate whether the dismissal was with prejudice. On November 16, 2020, the circuit court denied Sosani's motion to reconsider. Sosani filed a timely appeal, which this court docketed as appeal no. 1-21-0027.

¶ 14        *Circuit Court Case No. 92-CR-19775 (Appellate Court Docket No. 1-21-0028)*

¶ 15    On September 2, 1992, the Stated charged Sosani in case No. 92-CR-19775 by information with one count of possession of a controlled substance with intent to deliver cocaine (Ill. Rev. Stat.

1989, ch. 56½, ¶ 1401(c)(2)), and a second count of possession of cannabis with intent to deliver (*id.* ¶ 705(d)), both of which related to acts allegedly occurring on or about July 3, 1992. On June 17, 1993, Sosani pleaded guilty to the charges and was sentenced to pay a fine and court costs, and serve a term of two years' probation.

¶ 16    On July 10, 2020, Sosani filed a section 2-1401 "motion" attacking his 1993 conviction, making assertions regarding his immigration status similar to those he made in the petition in the related case. Again, he conceded that the petition was untimely, but he argued that the two-year statute of limitations did not apply because his conviction was void, as he was never admonished of "any" of his rights before pleading guilty. He supported this petition with an affidavit similar to the one he filed in the related case.

¶ 17    The State filed a combined section 2-619.1 motion to dismiss Sosani's petition, making arguments similar to those it made in the related case. The circuit court granted the State's motion and dismissed the petition on September 1, 2020. Again, Sosani filed a timely motion to reconsider, which the circuit court denied, and this appeal, docketed as appeal no. 1-21-0028, followed.

¶ 18    This court has consolidated the two appeals.

¶ 19                                              ANALYSIS

¶ 20    These appeals come before us in an unusual procedural posture. On appeal, Sosani has abandoned all the arguments he made in the circuit court below. He makes no claim that the circuit court erred by finding that the section 2-1401 petition was barred by the statute of limitations or by failing to apply equitable tolling. He also does not argue that the 1995 conviction order was not final when entered or that the convictions were void because of due process violations. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides that an appellant's brief must contain "the contentions of the appellant and the reasons therefor, with citation of the authorities and the

pages of the record relied on." Furthermore, if a point is not argued, it is forfeited and cannot be raised in a reply brief, oral argument, or petition for rehearing. *Id.* Accordingly, Sosani has forfeited those arguments for failure to cite relevant authority. See *Vancura v. Katris*, 238 Ill. 2d 352, 369 (2010) (failure to argue a point in the appellant's opening brief results in forfeiture of the issue).

¶ 21    That does end our task, however. While these appeals were pending before this court, and before Sosani filed his opening brief, the General Assembly passed a bill that became law as Public Act 102-639 (eff. Aug. 27, 2021). That act amended the Code to add a new provision, section 2-1401(c-5), to the Code. The new provision states:

> "Any individual may at any time file a petition and institute
> proceedings under this Section, if his or her final order or judgment,
> which was entered based on a plea of guilty or nolo contendere, has
> potential consequences under federal immigration law." Pub. Act
> 102-639, § 15 (eff. Aug. 27, 2021) (adding 735 ILCS 5/2-1401(c-
> 5)).

Section c-5 became effective immediately upon its approval by the Governor on August 27, 2021.

¶ 22    In this court, the parties' sole arguments focus on whether the judgments of the circuit court should be reversed based on this new subsection c-5. In so doing, they have exhaustively briefed the law regarding retroactivity of new statutes. However, because there is a recent Illinois Supreme Court case on point, we need not delve into this historical case law to the extent the parties have.

¶ 23    We begin our analysis with section 4 of the Statute on Statutes, which provides:

> "No new law shall be construed to repeal a former law, whether such
> former law is expressly repealed or not, as to any offense committed

against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." 5 ILCS 70/4 (West 2018).

¶ 24 Whether subsection c-5 can apply retroactively to Sosani's current appeal presents an issue of statutory construction that we consider *de novo. People v. Hunter*, 2017 IL 121306, ¶ 15 (citing *People ex rel. Madigan v. J.T. Einoder, Inc.*, 2015 IL 117193, ¶ 27, and *People v. Amigon*, 239 Ill. 2d 71, 84 (2010)).

¶ 25 Our supreme court's recent decision in *Hunter* is not merely instructive but dispositive. There, the court was called upon to determine whether a change in procedure that was enacted after a defendant's conviction but while his direct appeal was pending could inure to the defendant's benefit. *Id.* ¶¶ 6-9. The change at issue in *Hunter* provided that certain criminal defendants who were charged with crimes allegedly committed when they were juveniles would

no longer have their cases automatically transferred to adult court from juvenile court. *Id.* ¶¶ 1, 7-9. The defendant, Hunter, was convicted in adult court but, while his appeal was pending, a statutory change became effective allowing defendants such as Hunter to have their prosecutions heard in juvenile court. *Id.* ¶ 8.

¶ 26 The *Hunter* court began its analysis with the provision in section 4 of the Statute on Statutes specifying that " 'the proceedings *thereafter*'—after the enactment of the new procedural statute— 'shall conform, so far as practicable, to the laws in force at the time of such proceeding.' " (Emphasis in original.) *Id.* ¶ 31 (quoting 5 ILCS 70/4 (West 2016)). The court stated that the phrase "ongoing proceedings" "contemplates the existence of proceedings after the new or amended statute is effective to which the new procedure could apply." *Id.* In the *Hunter* case, however, the defendant had already been convicted and sentenced. Accordingly, the court explained:

> "No 'ongoing proceedings' exist to which the amended statute could apply. Thus
> \*\*\*, this is not a case where we must decide whether the defendant should
> 'continue' to be prosecuted in adult court. This is also not a case where remand for
> further proceedings is necessitated by reversible error at trial." *Id.* ¶ 32.

The court explained:

> "Simply stated, there are no 'proceedings thereafter' capable of
> 'conform[ing]' to the amended statute. [Citation.] Nothing remains
> to be done.
>
>      Because Hunter's trial court proceedings have been
> concluded and no further trial court proceedings are necessitated by
> reversible error, applying the amended statute retroactively to
> Hunter's case would result in this court effectively creating new

proceedings for the sole purpose of applying a procedural statute that postdates his trial and sentence. We have grave concerns about such a result." *Id. ¶¶* 32-33.

The court further found that remanding the case for retrial in juvenile court would not, in the words of section 4 of the Statute on Statutes, be "practicable" because the defendant was now 22 years old and thus outside the juvenile court's jurisdiction. *Id. ¶* 38.

¶ 27     Sosani's arguments fail because this is a court of review, not first view. See *Holland v. Florida*, 560 U.S. 631, 654 (2010). In *Hunter*, our supreme court clearly expressed the doctrine that the role of a court of review is to determine whether the court below was correct, based on the law before it when it entered its judgment. This is because, once the circuit court enters its judgment and an appeal is filed, the proceedings are no longer "ongoing" within the meaning of section 4 of the Statute on Statutes.

¶ 28     In addition, we can find nothing in the statute, as amended, that expresses a legislative intent to revive an otherwise time-barred action. As such, we are compelled to hold that the amendment cannot apply to Sosani's petition. See *People v. Lansing*, 35 Ill. 2d 247, 250 (1966) (holding that, since there was nothing in the language of a 1965 amendment to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, ch. 38, ¶ 122-1) "indicating an intent on the part of the legislature to revive an action which had been previously barred," the 1965 amendment could not be applied to the petitioner's previously dismissed cause of action). This holds equally true where, as here, the appeal from the dismissal of Sosani's petition was pending at the time of the amendment. *Id.*; see *People v. Reed*, 42 Ill. 2d 169, 171-72 (1969) (holding that, with respect to petitions for relief filed under the Post-Conviction Hearing Act, the court should apply the statute of limitations in effect on the date of the petitioner's conviction and not a subsequently amended statute in effect

at the time the petition is filed). Accordingly, in accordance with *Hunter*, we must decline Sosani's invitation to apply section c-5 to the present appeal.

¶ 29    Sosani argues nonetheless that this court must consider the application of section c-5 because if he starts over by filing a new section 2-1401(c-5) petition—grounded in the same basic facts relating to his ignorance of the immigration consequences of his guilty pleas—it would be barred by *res judicata*. Whether a new petition based on section c-5 would be barred by *res judicata* is a hypothetical question upon which we decline to opine.

¶ 30                                           CONCLUSION

¶ 31    We affirm the judgments of the circuit court dismissing the section 2-1401 petitions.

¶ 32    Affirmed.

---

2022 IL App (1st) 210027

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. 92-CR-19775, 93-CR-6700; the Hon. Alfredo Maldonado, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Jacob Briskman and Adam R. Whitesel Cassingham, both of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, David H. Iskowich, and Su Wang, Assistant State's Attorneys, of counsel), for the People. |

---