2024 IL App (1st) 240918-U
No. 1-24-0918B

FIRST DIVISION
August 12, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

———

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

———

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 22 CR 10537 |
| | ) | |
| TIMOTHY LASENBY, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Michele M. Pitman, |
| | ) | Judge Presiding. |

———

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1     *Held:* (1) Defendant's notice of appeal was untimely, and we lack jurisdiction to review the circuit court's order filed November 7, 2023. (2) The circuit court did not abuse its discretion when it determined that defendant posed a real and present threat to Timmons.

¶ 2     Defendant Timothy Lasenby filed a Pretrial Fairness Act Appeal under Illinois Supreme Court Rule 604(h) (eff. Dec 7, 2023) from the circuit court's order entered on March 27, 2024, denying his motion to reconsider pretrial detention. For the following reasons, we affirm.

¶ 3         BACKGROUND

¶ 4         On August 28, 2022, the State charged defendant with one count of attempt murder (720 ILCS 5/8-4 (West 2022)), one count of aggravated battery with a firearm (*id.* § 12-3.05(e)(1)), and one count aggravated domestic battery (*id.* § 12-3.3(a)) for discharging a firearm which injured his wife Ladina Timmons ("Timmons"). The circuit court detained defendant without bond. On September 16, 2022, a grand jury indicted defendant for six counts attempt first degree murder (720 ICLS 5/9-1(a)(1) (West 2022)), one count of aggravated battery (*id.* § 12-3.05(e)(1)), one count aggravated discharge of a firearm (*id.* § 24-12(a)(2)), and three counts of aggravated domestic battery (*id.* § 12-3.3(a)).

¶ 5         On October 31, 2022, defendant, through his retained counsel, filed a motion for reduction of bail. The circuit court denied his motion. On January 24, 2023, the circuit court denied defendant's second motion for reduction of bail.

¶ 6         On June 1, 2023, defendant filed a third motion for reduction of bail. In his motion, defendant argued that there was newly discovered evidence which supported his theory that the firearm accidentally discharged during a struggle with Timmons. Specifically, defendant noted that DNA evidence confirmed that Timmons's DNA was on the firearm and that the children in the home would testify that Timmons routinely used drugs and alcohol and then would become upset.

¶ 7         At the hearing on the motion, in addition to the arguments made in his motion, defense counsel argued that the circuit court "effectively accepted the State's proffer as gospel" and incorrectly asserted that since defendant did not make a statement that there was nothing to contradict the proffer. Defendant told the responding officers that Timmons shot herself. Defense counsel requested a reasonable bond and reasonable conditions such as electronic monitoring.

¶ 8     In response, the State argued that the children heard two gunshots which indicated that it was not accidental. Additionally, defendant made several phone calls from jail to the children at the home. The State alleged that during these phone calls defendant attempted to persuade the children to convince Timmons either not to testify or to change her testimony. Regarding the DNA on the firearm, the State noted that Timmons DNA was only found on the slide of the firearm. The State argued this finding was consistent with blow back from a close-range discharge. Additionally, if Timmons grabbed the slide of the firearm while it was firing, she would have had significant hand injuries. Timmons did not have any hand injuries. Timmons was shot in the face and lower neck. She sustained a cervical spine fracture and hearing loss in one of her ears. Furthermore, the State noted that they found gunshot residue on defendant's right hand. The State concluded that the evidence was consistent with their proffer.

¶ 9     The circuit court granted defendant's motion. The circuit court reasoned that there were no witnesses other than defendant and Timmons who witnessed the shooting. The circuit court reversed its prior determination that the proof was evident or the presumption great that defendant committed a qualifying offense. The circuit court set a $200,000-D bond and ordered electronic monitoring. Defendant remained in custody since he could not meet the financial obligations of the bond.

¶ 10    On November 6, 2023, defendant filed a petition to grant pretrial release under new law. In his motion, defendant stated that he remained in custody solely because of financial inability and argued that he was "effectively the poster child for the Pre-Trial Fairness Act." Defendant argued that the circuit court must find at each subsequent appearance that continued detention is necessary and that the State could not establish by clear and convincing evidence that the proof was evident

or the presumption great that he committed a qualifying offense. On the same day, the State filed a petition for pretrial detention hearing and the matter proceeded to a hearing.

¶ 11 At the hearing, the State proffered that on August 26, 2022, defendant and Timmons resided together at 15654 Oakton Drive in South Holland, Cook County, Illinois with their six children. In the early morning hours, defendant and Timmons engaged in a verbal argument in their bedroom. Defendant confronted Timmons over text messages between her and another man. Timmons attempted to end her relationship with defendant. Defendant retrieved a firearm and aimed it at Timmons's head. Timmons yelled for defendant's mother. While standing directly in front of Timmons, defendant discharged one shot into the ground. He then grabbed her by the neck and again aimed the firearm at her. He then shot her in the face.

¶ 12 Timmons's 20-year-old daughter heard Timmons say, "so you gonna kill me" and yell for defendant's mother from outside the bedroom door. Timmons's other minor child also heard Timmons yell for defendant's mother. The police arrived and recovered a firearm from defendant. The police also recovered a shell casing and projectile which matched the defendant's firearm. Additionally, gunshot residue was found on defendant.

¶ 13 The State argued that defendant posed a real and present threat to the community, but specifically to Timmons. In response, defense counsel directed the circuit court to its prior ruling on June 1, 2023, and argued that court already determined that that the proof was not evident or the presumption great that defendant committed a qualifying offense. The circuit court granted the State's petition. Defendant did not appeal.

¶ 14 On March 6, 2024, defendant filed a motion to reconsider pretrial detention pursuant to 725 ILCS 5/110-6.1 (West 2024). In his motion, defendant argued that the State failed to establish that he was a dangerous person and that less restrictive conditions were not appropriate. Rather, the State

relied on blanket, conclusory statements that detention was appropriate. Additionally, he argued that "[t]he detention status of a [d]efendant may be reconsidered at every subsequent court date."

¶ 15 On March 27, 2024, at the hearing on defendant's motion, defense counsel reiterated his prior argument that State failed to prove through clear and convincing evidence that the proof was evident or the presumption great that defendant committed a qualifying offense. Defense counsel further argued that the evidence established that defendant was not a dangerous individual. At the time of the incident, defendant did not have a criminal record and maintained a firearm identification card and concealed carry license. Defendant's background coupled with his unwavering familial support indicated that he was a law-abiding, nonviolent person. Additionally, the State failed to establish that less restrictive means of detention were inappropriate.

¶ 16 In response, the State repeated its proffer of the evidence. The State argued that defendant posed a real and present threat to Timmons. Electric monitoring would not mitigate the threat because it did not prevent defendant from moving or prevent him from accessing firearms. Moreover, he shared a residence with Timmons.

¶ 17 The circuit court reasoned that defendant posed a real and present threat to Timmons. Additionally, electronic monitoring would not prevent defendant from accessing weapons and learning the whereabouts of Timmons. The circuit court denied defendant's motion.

¶ 18 On April 10, 2024, defendant filed a *pro se* notice of appeal. In his notice of appeal, defendant sought review of the circuit court's order filed March 27, 2024.

¶ 19 ANALYSIS

¶ 20 On appeal, defendant argues that the State's pretrial detention petition was untimely and that we should remand for hearing pursuant to section 725 ILCS 5/110-5(e) (West 2024). The State

responds that defendant's notice of appeal is untimely. Alternatively, the State argues that their pretrial detention petition was timely.

¶ 21 In the alternative, defendant also argues that the circuit court erred in denying his motion to reconsider detention pursuant to 725 ILCS 5/110-6.1(i-5) (West 2024) because the State failed to prove by clear and convincing evidence that: (1) the proof was evident or presumption great that he committed the alleged offenses, (2) he posed a real and present threat to the safety of the community, and (3) no condition or combination of conditions can mitigate any threat posed by his release. The State responds that at a hearing pursuant to 725 ILCS 5/110-6.1(i-5) (West 2024) the circuit court only needs to determine that continued detention is necessary to avoid a real and present threat to the safety of any person based on the specific articulable facts if the case and that the circuit court did not abuse its discretion in making that determination.

¶ 22 A. Notice of Appeal

¶ 23 The State first argues that defendant's notice of appeal was untimely and that we lack jurisdiction to consider the circuit court's November 6, 2023, order granting the State's pretrial detention petition. The State bases its argument on Illinois Supreme Court Rule 604(h)(2) (eff. Dec. 7, 2023) which required a defendant to file a notice of appeal in the circuit court within 14 days of the circuit court's order of pretrial detention. The State recognizes that the amendment of Rule 604(h)(2) (Ill. S. Ct. R. 604(h)(2) (eff. April 15, 2024)) removed the 14-day deadline but argues that the amendment did not apply retroactively.

¶ 24 We review *de novo* whether an Illinois supreme court rule applies retroactively. *People v. Easton*, 2018 IL 122187, ¶ 13. "Given that statues and supreme court rules are treated congruently, we employ the same analytical framework to determine whether they may be applied retroactively." *Id.* ¶ 14.

¶ 25 "A notice of appeal is a *procedural* device filed with the [circuit] court that, when timely filed, vests jurisdiction in the appellate court to permit review of the trial court's judgment such that it may be affirmed, reversed, or modified." [Emphasis Added.] *Lake County Grading Company, LLC v. Forever Construction Company, Inc.*, 201 IL App (2d) 160359, ¶ 34. Procedural law changes apply to ongoing proceedings. *People v. Hunter*, 2017 IL 121306, ¶ 30-31. "[O]nce the circuit court enters its judgment and an appeal is filed, the proceedings are no longer 'ongoing.' " *People v. Sosani*, 2022 IL App (1st) 210027, ¶ 27.

¶ 26 Here, defendant filed a notice of appeal on April 10, 2024. The amendment to Rule 604(h)(2) took effect on April 15, 2024. At the time that the amendment took effect, the proceedings were no longer ongoing since the circuit court entered judgment and defendant appealed that judgment. Accordingly, the amended version of Rule 604(h)(2) did not apply retroactively to defendant's case.

¶ 27 Illinois Supreme Court Rule 604(h)(1) (eff. Dec. 7, 2023) states that "[a]n appeal may be taken to the Appellate Court from an interlocutory order of court entered under sections 110-5, 110-6, and 110-6.1 of the Code of Criminal Procedure of 1963 ("Code") as follows: *** by the defendant from and order denying pretrial release ***." Rule 604(h)(2) (Ill. S. Ct. R. eff. Dec 7, 2023) states that "[r]eview shall be by Notice of Appeal filed in the circuit court within 14 days of the entry or denial of the order from which review is sought." Defendant had until November 21, 2023, to file a notice of appeal seeking review of the circuit court's order filed November 7, 2023. Since defendant failed to file a notice of appeal until April 10, 2024, his notice of appeal is untimely, and we lack jurisdiction to review the circuit court's order filed November 7, 2023. Accordingly, we cannot review defendant's argument relating to the timeliness of the State's pretrial detention order. See *People v. Hongo*, 2023 IL App (1st) 232482, ¶ 26-31.

¶ 28 However, we have jurisdiction to review the circuit court's order filed March 27, 2024, denying defendant's motion to reconsider pretrial detention pursuant to 725 ILCS 5/110-6.1(i-5) (West 2024) since defendant filed a notice of appeal on April 10, 2024, which was within 14 days of the circuit court's order. See *id.*

¶ 29               B. Motion to Reconsider Detention Pursuant to 725 ILCS 5/110-6.1(i-5)

¶ 30 Defendant argues that the circuit court erred in denying his motion to reconsider detention pursuant to 725 ILCS 5/110-6.1(i-5) (West 2024) because the State failed to prove by clear and convincing evidence that: (1) the proof was evident or presumption great that he committed the alleged offenses, (2) he posed a real and present threat to the safety of the community, and (3) no condition or combination of conditions can mitigate any threat posed by his release. The State emphasizes that at a hearing pursuant to 725 ILCS 5/110-6.1(i-5) (West 2024) the circuit court only needs to determine that continued detention is necessary to avoid a real and present threat to the safety of any person based on the specific articulable facts if the case and that the circuit court did not abuse its discretion in making that determination.

¶ 31 Section 110-6.1(e) of the Code presumes that all defendants are eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2024). This presumption is overcome only if the State can prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant has committed a detainable offense, (2) the defendant poses a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case, and (3) no condition or combination of conditions set forth in section 110-10 of the Code can mitigate that threat. *Id.* §§ 110-6.1(e)(1)-(3), 110-10.

¶ 32 Section 110-6.1(i-5) of the Code states that "[a]t each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and

present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id*. § 110-6.1(i-5).

¶ 33    The two significant differences between sections 110-6.1(e) and 110-6.1(i-5) are: (1) section 110-6.1(i-5) does not require a finding that proof is evident or the presumption great that the defendant committed a detainable offense, and (2) it does not ask whether pretrial conditions can mitigate the threat posed by the defendant; instead it starts from the premise that detention was necessary to guard against the threat posed by the defendant and asks whether anything has changed such that a defendant's detention is no longer warranted. *People v. Thomas*, 2024 IL App (1st) 240479, ¶ 14. Moreover, we review the circuit court's determination that defendant's continued detention is necessary for an abuse of discretion since "the legislature *** has not placed the burden of proof on any particular party, it stands to reason that the legislature intended this finding to be discretionary." *Id.* ¶ 16. "[A]n abuse of discretion occurs where the [circuit] court's decision is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." *People v. McDonald*, 2016 IL 118882, ¶ 32.

¶ 34    Here, a grand jury indicated defendant for attempt murder of Timmons. The State proffered that in the early morning hours of August 26, 2022, Timmons and defendant engaged in a verbal altercation in the residency that they shared with his mother and their younger children. Timmons attempted to end her relationship with defendant, and he retrieved a firearm and aimed it at her head. He then discharged a shot into the floor. He then proceeded to grab her by the neck and again aimed the firearm. He then ultimately shot her in the face which resulted in her sustaining a cervical spine fracture and hearing loss in one of her ears. Additionally, the State noted that defendant's calls from jail indicated a willingness to attempt to tamper with the witnesses in his case.

¶ 35 Based on the State's proffer, defendant intended to intimidate and injure Timmons. Furthermore, while detained defendant allegedly attempted to contact Timmons through their children to convince her to change her testimony. Accordingly, the circuit court did not abuse its discretion when it determined that defendant posed a real and present threat to Timmons.

¶ 36 CONCLUSION

¶ 37 For the reasons stated above, we affirm the judgment of the circuit court.

¶ 38 Affirmed.