2023 IL App (1st) 231890

No. 1-23-1890B

Opinion filed December 27, 2023

Third Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 7677 |
| | ) | |
| RICHARD BROWN, | ) | Honorable |
| | ) | Joanne F. Rosado, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAN TINE delivered the judgment of the court, with opinion.
Justices Lampkin and D.B. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Richard Brown appeals the trial court's order granting the State's petition to deny him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] In June 2023, before the Act went into effect on September 18, 2023 (*Rowe v. Raoul*, 2023 IL 129248, ¶ 52), defendant was arrested and granted

_____

[1]The legislation has also been referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither commonly known name is official, as neither appears in the Illinois Compiled Statutes or the public act.

pretrial release with electronic monitoring and his family posted a $5000 bond. However, defendant was never released from jail due to lack of an electronic monitoring host site.[2] On September 26, 2023, approximately a week after the Act went into effect, defendant filed a petition to remove or modify electronic monitoring pursuant to section 110-5(i) of the Act (725 ILCS 5/110-5(i) (West 2022)), and the State filed a petition for pretrial detention pursuant to section 110-6.1 (*id.* § 110-6.1). Following a hearing, the trial court granted the State's petition and continued defendant's detention. On appeal, defendant argues that the trial court lacked the authority to hear the State's untimely and statutorily improper petition. He also challenges the merits of the court's ruling. For the following reasons, we reverse the trial court's order granting the State's petition for pretrial detention and remand this matter for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3      Defendant was arrested on June 22, 2023, and charged with aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1) (West 2022)), unlawful use or possession of a weapon by a felon (*id.* § 24-1.1(a)), and possession of a stolen motor vehicle (PSMV).[3] Pretrial Services' public safety assessment indicated that defendant had previously been convicted of a felony but did not include a "new violent criminal activity flag." In the assessment, the defendant scored 3 out of 6 in terms of "new criminal activity" and 2 out of 6 in terms of "failure to appear." Pretrial Services recommended pretrial release with monitoring. At a hearing on June 24, 2023, the trial

---

[2]A host site is where a defendant lives while he or she is on electronic monitoring, typically with family or friends. See *People v. Winters*, 2022 IL App (1st) 200859, ¶ 36; *Lucas v. Department of Corrections*, 2012 IL App (4th) 110004, ¶ 7; *Neville v. Walker*, 376 Ill. App. 3d 1115, 1117 (2007).

[3]The charging documents are not included in the record on appeal. We take the statutory citations for the charges against defendant from his memorandum on appeal. The State only sought to detain defendant on the gun charges, not the PSMV charge. The PSMV charge appears to be under a separate case number.

court granted defendant pretrial release on electronic monitoring.[4] In addition, defendant's family posted his $5000 bond. However, defendant was never released on electronic monitoring because no host site was available.

¶ 4    The Act became effective on September 18, 2023. *Rowe*, 2023 IL 129248, ¶ 52. In brief, the Act overhauls pretrial release procedures by abolishing monetary bail. *Id.* ¶ 5. Under this new framework, all defendants are eligible for pretrial release, subject to conditions that the trial court deems appropriate, such as electronic monitoring or home supervision. *Id.* However, the State can petition for, and the court can order, pretrial detention if the defendant is charged with certain offenses and poses a real and present threat to the safety of any person, persons, or the community. *Id.* A court can also detain a defendant charged with certain offenses if the court determines that there is a high likelihood of flight to avoid prosecution. *Id.* The State has the burden of establishing by clear and convincing evidence that the defendant should be detained. *Id.*

¶ 5    On September 26, 2023, defendant filed a petition to remove or modify electronic monitoring. Specifically, he sought review of electronic monitoring pursuant to section 110-5(i) of the Act, which requires the trial court to reevaluate orders imposing electronic monitoring every 60 days (725 ILCS 5/110-5(i) (West 2022)). Defendant argued that he should be removed from electronic monitoring and placed on home confinement or, in the alternative, that the court should allow electronic monitoring with twice-weekly movement. Also on September 26, 2023, the State filed a petition seeking pretrial detention pursuant to section 110-6.1(a)(1) (*id.* § 110-6.1(a)(1)). The State premised its petition on defendant's ineligibility for probation on the AUUW charge,

---

[4]The record does not contain a transcript of this hearing. However, the parties described the procedural history of this case at the September 26, 2023, hearing on the State's petition for pretrial detention, which is included in the record on appeal.

due to his criminal background, as well as his "real and present threat to the safety of any person or persons or the community."

¶ 6 The trial court heard both petitions that day. The State proffered that, on October 23, 2022, cameras at a car wash recorded defendant driving a vehicle that had been reported stolen. The vehicle was recovered abandoned on November 2, 2022, and contained various items with defendant's fingerprints on them. Police arrested defendant while he was entering a Lyft vehicle on June 22, 2023, and saw him "reach towards his waistband and place something on the floorboard at his feet." Police recovered a loaded firearm from the floorboard. The State alleged that defendant was convicted of felony PSMV in September 2021, sentenced to three years' imprisonment, and discharged on parole in December 2022. Defendant was also convicted of possession of a controlled substance in 2019, for which he received one year in prison. In addition, defendant was convicted of PSMV in 2018, for which he received probation, which was terminated unsatisfactorily. The State sought only pretrial detention.

¶ 7 Defendant did not dispute that he was ineligible for probation on the AUUW charge. However, he explained that his family paid his $5000 bond in July 2023 and that he had been ordered released on electronic monitoring but had not been released "because of not having a sufficient host site." He also proffered that he was 23 years old and was living with his girlfriend and 5-year-old son at the time of his arrest. He attended part of high school and had been working through "temp agencies" since 2021. Defendant requested "pretrial monitoring with curfew."

¶ 8 The court granted the State's petition for pretrial detention. The court found that the State proved:

"by clear and convincing evidence that proof is evident and the presumption great that this defendant has committed the offense of aggravated unlawful use of a weapon by a felon, and it is a qualifying offense under 725 ILCS 5/110-6.1(a)(7) that the defendant poses a real and present threat to the safety of the—any—to the community based upon specific articulable facts in the record."

The court relied on the State's allegations that defendant stole a vehicle and that police recovered a firearm in a vehicle near defendant when he was arrested. The court also found that "no conditions or combination of conditions of pretrial release [could] mitigate the real and present threat posed by the defendant, and that no less restrictive conditions would avoid the real and present threat posed by the defendant." Defendant is currently detained in Cook County jail pending trial.

¶ 9    Defendant timely appealed.

¶ 10                                    II. ANALYSIS

¶ 11    This appeal concerns how the Act applies to a defendant who was arrested, posted bail, and was granted pretrial release on electronic monitoring prior to the Act's effective date, yet remained in detention after the Act went into effect. This is a question of statutory construction, which we review *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 14; *People v. Rios*, 2023 IL App (5th) 230724, ¶ 8. The primary goal of statutory construction is to ascertain and give effect to the legislature's intent. *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 48. The best indication of the legislature's intent is the plain language of the statute. *Id.* We must evaluate the statute as a whole. If the statutory language is unambiguous, we must apply it as written without any other tools of statutory construction. *Id.*

¶ 12   The first issue is whether the State's petition for pretrial detention was timely under the Act. Defendant did not object to the timeliness of the State's petition in the trial court, but he does raise that issue in his notice of appeal. Defendant requests that we review this issue for plain error, and we will do so. A misapplication of the law that affects a defendant's fundamental right to liberty constitutes plain error. *People v. Smith*, 2016 IL App (1st) 140496, ¶ 15. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967).

¶ 13   The Act requires the State to file a petition for pretrial detention either (1) at the defendant's first appearance before a judge, without prior notice to the defendant, or (2) within 21 calendar days after the defendant was arrested and released, with reasonable notice to the defendant. 725 ILCS 5/110-6.1(c)(1) (West 2022). In this case, the State did not take either of these approaches. The State did not file a petition on defendant's first court date, June 24, 2023. Defendant was arrested on June 22, 2023, and granted release on electronic monitoring on June 24, 2023, but the State did not file a petition within 21 days of those dates. Rather, the State filed its petition approximately three months later, on September 26, 2023. The State's petition was untimely under section 110-6.1(c)(1), and the trial court did not have the authority to detain defendant pursuant to an untimely petition. See *Vingara*, 2023 IL App (5th) 230698, ¶ 18; *Rios*, 2023 IL App (5th) 230724, ¶ 12.

¶ 14   However, the Act specifically addresses individuals who were arrested prior to the Act's effective date. In relevant part, section 110-7.5 provides:

> "(a) On or after January 1, 2023, any person having been previously released pretrial on the condition of the deposit of security shall be allowed to remain on pretrial

release under the terms of their original bail bond. This Section shall not limit the State's

Attorney's ability to file a verified petition for detention under Section 110-6.1 or a petition

for revocation or sanctions under Section 110-6.

     (b) On or after January 1, 2023, any person *who remains in pretrial detention after having been ordered released with pretrial conditions*, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." (Emphasis added.) 725 ILCS 5/110-7.5(a), (b) (West 2022).

¶ 15    Section 110-7.5(b) describes defendant. When the State filed its petition, defendant was detained even though the court had ordered his release on electronic monitoring, and he had posted bond several months prior. Therefore, defendant was entitled to a hearing under section 110-5(e), which provides:

"If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

¶ 16    Defendant remained in pretrial detention more than 48 hours after the court ordered him released on electronic monitoring on June 24, 2023, as he was still in detention on September 26, 2023. Therefore, the trial court was required to hold a hearing to determine the reason for the continued detention. See *id.* According to the parties, the reason for defendant's continued detention was the unavailability of an electronic monitoring host site, so the court should have reopened the conditions of release hearing to determine what pretrial conditions would reasonably ensure his appearance and compliance and the safety of others. See *id.* We hold that the trial court should have addressed defendant's situation pursuant to sections 110-7.5(b) and 110-5(e) and should not have considered the State's untimely petition for pretrial detention under section 110-6.1. See *Vingara*, 2023 IL App (5th) 230698, ¶ 22; *Rios*, 2023 IL App (5th) 230724, ¶ 16.

¶ 17    Before the Act went into effect, defendant was granted release on bond and electronic monitoring and was only detained until he could find a host site. As best we can tell, nothing about defendant's situation changed between the time the trial court granted him release in June 2023 and the time the court unconditionally detained defendant in September 2023. Defendant was not charged with any new offenses, and there is no indication that he became more dangerous during that three-month period. Under sections 110-7.5(b) and 110-5(e), the trial court was and is authorized to leave in place the conditions of pretrial release that were imposed in June, aside from cash bail.

¶ 18    We are persuaded that the Fifth District's general approach to this situation is correct.[5] Section 110-6 (725 ILCS 5/110-6 (West 2022)) does not apply to a defendant who was detained

---

[5]That said, the Fifth District has suggested that a defendant must file a motion seeking a section 110-5(e) hearing. See, *e.g.*, *Vingara*, 2023 IL App (5th) 230698, ¶ 22. We believe that a defendant to whom section 110-5(e) applies is automatically entitled to a hearing and does not need to file a motion

before the Act went into effect and was ordered to be released but who remains in detention after the Act went into effect if that defendant has not been charged with any new offenses and the trial court has no authority to consider an untimely petition to detain that defendant under section 110-6.1. *Vingara*, 2023 IL App (5th) 230698, ¶ 18; *Rios*, 2023 IL App (5th) 230724, ¶ 12; *People v. Swan*, 2023 IL App (5th) 230766, ¶ 20. Rather, section 110-7.5(b) applies, and the defendant is entitled to have his detention reviewed anew under section 110-5(e). *Vingara*, 2023 IL App (5th) 230698, ¶ 22; *Rios*, 2023 IL App (5th) 230724, ¶ 16; *Swan*, 2023 IL App (5th) 230766, ¶ 24.

¶ 19  We acknowledge that other courts have reached different conclusions. For example, another division of the First District has held that "for individuals detained prior to the effective date of the Act *** the State may file a petition for the denial of pretrial release at the first appearance before a judge after the effective date of the Act," even if that petition would be untimely under the plain language of section 110-6.1(c)(1). (Internal quotation marks omitted.) *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 15. *Whitmore*, which the State cites, is based on language in section 110-7.5(a), stating that " '[t]his Section shall not limit the State's Attorney's ability to file a verified petition for detention.' " *Id.* ¶ 11 (quoting 725 ILCS 5/110-7.5(a) (West 2022)). The Fourth District has held that, for defendants "arrested and detained before the Act's effective date who remained in detention after being granted pretrial release on the condition that they pay monetary bail, a motion to deny pretrial release following the Act's implementation operates as a motion to increase the pretrial release conditions to the furthest extent." *People v. Jones*, 2023 IL App (4th) 230837, ¶ 17. The Third District has held that "the State is permitted to

seeking one. 725 ILCS 5/110-5(e) (West 2022) ("If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court *shall hold a hearing* to determine the reason for continued detention." (Emphasis added.))

file a responding petition in situations *** where a defendant (1) was arrested and detained prior to the implementation of the Act, (2) remained in detention after monetary bail was set, and (3) filed a motion seeking to modify pretrial release conditions." *People v. Gray*, 2023 IL App (3d) 230435, ¶ 15.

¶ 20 We respectfully disagree with these approaches. In our view, the legislature correctly anticipated that there would be individuals who were arrested and granted conditional pretrial release before the Act went into effect but who, for whatever reason, remained in detention after the Act went into effect. The legislature specifically prescribed section 110-7.5(b) for that situation, and section 110-7.5(b) allows only one remedy: a hearing under section 110-5(e). 725 ILCS 5/110-7.5(b) (West 2022). We disagree with *Whitmore* that section 110-7.5(a) allows the State to file a petition to detain a defendant to whom section 110-7.5(b) applies. Section 110-7.5(a) is for a different category of detainees: those who have been released on bond and who are out of jail. *Id.* § 110-7.5(a) (addressing "any person having been *previously released* pretrial on the condition of the deposit of security" (emphasis added)). It makes sense that the State can file a petition to detain a person who is out on bond. By contrast, section 110-7.5(b) applies to detainees who have been *ordered* released but have not *actually been* released. *Id.* § 110-7.5(b). Allowing the State to file an untimely petition to detain a person who is already in jail is, in our opinion, not a rational reading of section 110-7.5.

¶ 21 The State argues that the trial court "was bound to follow this Court's decision in *Whitmore*." *Whitmore* was decided on December 7, 2023, and did not exist when the trial court granted the State's petition for detention on September 26, 2023. See *Whitmore*, 2023 IL App (1st) 231807.

¶ 22    Because we resolve this appeal on procedural grounds, we do not need to address defendant's argument that the State did not meet its burden of proof at the hearing on its petition for pretrial detention. Accordingly, we reverse the trial court's order of September 26, 2023, and remand this matter for further proceedings consistent with this opinion.

¶ 23    This opinion does not apply to defendants arrested on or after the Act's effective date of September 18, 2023.

¶ 24                                    III. CONCLUSION

¶ 25    For the foregoing reasons, we reverse the trial court's pretrial detention order of September 26, 2023, and remand this matter for further proceedings.

¶ 26    Reversed and remanded.

---

### *People v. Brown*, 2023 IL App (1st) 231890

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 23-CR-7677; the Hon. Joanne F. Rosado, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Abir Ahmed, Assistant Public Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Matthew Connors, Assistant State's Attorney, of counsel), for the People. |

---