2024 IL App (1st) 232163

Fourth Division
Filed February 1, 2024

No. 1-23-2163B

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of Cook County. |
| | ) | |
| v. | ) | No. 21 CR 14352 |
| | ) | |
| IVAN HAISLEY, | ) | The Honorable Michele Pitman, |
| Defendant-Appellant. | ) ) | Judge, presiding. |
| | ) | |

JUSTICE OCASIO delivered the judgment of the court, with opinion.
Justices Hoffman and Martin concurred in the judgment and opinion.

**OPINION**

¶ 1     Ivan Haisley, appellant, appeals the circuit court's order denying him pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963. 725 ILCS 5/110-6.1 (West 2022). He argues that the State's detention petition was both unverified and untimely. Because the lack of verification did not amount to plain error and because the petition was timely filed while Haisley was still in custody, we affirm.

¶ 2                                        I. BACKGROUND

¶ 3     Haisley was arrested on October 20, 2021, before the amendments to the new pretrial-release system went into effect, for aggravated battery with a firearm. At a hearing held three days later, the circuit court set bail at $500,000 and entered an order permitting his release on electronic monitoring subject to him posting a $50,000 deposit bond. There is no indication that the State filed a detention petition at that time. Haisley never posted bond, and he has remained in pretrial detention since. The State later filed an indictment charging him with four counts of attempted

murder and one count each of being an armed habitual criminal, aggravated battery with a firearm, and unlawful use or possession of a weapon by a felon.

¶ 4 On October 19, 2023, after the new pretrial release system came into effect (see *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (ordering lift of stay effective September 18, 2023)), Haisley filed a petition for a hearing to reexamine the conditions of his release asking the court to remove the condition that he post bond. See 725 ILCS 5/110-5(e), 110-7.5(b) (West 2022). At a hearing the next day, the case was continued by the agreement of the parties for an in-person "Detention Hearing" on November 6. The record does not contain a transcript of the October 20 hearing.

¶ 5 On November 6, the State announced that it was "filing a petition for pretrial detention." Defense counsel acknowledged receipt of the detention petition and answered "ready" for the detention hearing. Counsel did not object to the petition as untimely. It is not clear from the record whether the petition was formally filed, but the record contains the copy given to the defense at the hearing, which was not notarized. The petition alleged that the charges against Haisley were detainable offenses because he was not eligible for probation and that he "pose[d] a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." See *id.* § 110-6.1(a)(1). After a hearing, the court granted the petition. The court ordered Haisley detained based on a real and present threat posed to the alleged victim, the complaining witness, and the community at large.

¶ 6 Ten days after the hearing, Haisley filed a notice of appeal, using a form similar to the one authorized by the Illinois Supreme Court. The notice of appeal stated that Haisley was appealing an order entered on November 6, 2023. In the blank for specifying the requested relief, it stated: "Reversal of the Court's order denying pretrial release and Mr. Haisley be [*sic*] released with pretrial conditions." Under grounds for relief, there was a checkmark next to only one item: "The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." The lines for further explanation were left blank.

¶ 7                                    II.  ANALYSIS

¶ 8      In his memorandum, Haisley abandons his argument that the State failed to meet its burden. Instead, he argues that the circuit court should not have held a detention hearing because the detention petition was untimely and unverified.

¶ 9                              A.  Notice of Appeal

¶ 10     As an initial matter, the State contends that Haisley forfeited his arguments by not specifying them in the notice of appeal. Unlike ordinary notices of appeal, a notice of appeal from a pretrial-release or pretrial-detention order "shall describe the relief requested and the grounds for the relief requested." Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023). Based on this language, at least one court has held that, in appeals governed by Rule 604(h), the court must "limit [its] review to the issues fairly raised by a liberal construction of [the] notice of appeal." *People v. Martin*, 2023 IL App (4th) 230826, ¶ 19. There is contrary authority, however, suggesting that the plain-error doctrine permits review of errors not specified in the notice of appeal. See *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 12; see also *Martin*, 2023 IL App (4th) 230826, ¶ 19 (disagreeing with *Vingara*). Because we find that neither alleged error amounts to plain error, we need not resolve the State's argument that he forfeited them by not raising them in the notice of appeal.

¶ 11                             B.  Lack of Verification

¶ 12     Haisley first argues that the circuit court erred by denying him pretrial release because the State's detention motion was not verified as required by statute. See 725 ILCS 5/110-6.1(a) (West 2022) ("Upon verified petition by the State, the court shall hold a hearing ***."); *id.* § 110-6.1(d)(1) ("The petition shall be verified by the State ***."). The State points out, and we agree, that Haisley forfeited this allegation of error by not objecting to the lack of verification in the circuit court. *People v. Williams*, 2022 IL 126918, ¶ 48.

¶ 13     Haisley acknowledges his forfeiture, but he argues that we may still reach it under the plain-error doctrine. See Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial

court."). Under the plain-error doctrine, we may "review unpreserved plain errors affecting substantial rights in two limited circumstances: (1) when the evidence is closely balanced or (2) when the error was so serious that it denied the defendant a fair and impartial trial." *People v. Hutt*, 2023 IL 128170, ¶ 28.

¶ 14     We agree with Haisley that the lack of verification was error, and we find it troubling. The purpose of a verified petition is to "confirm[ ] that the allegations" made against the accused "are bought truthfully and in good faith." *People v. Collins*, 202 Ill. 2d 59, 67 (2002) (describing the purpose of any pleading verification). The signature of the prosecutor on the petition bears witness that the allegations are objective and bear a level of independent corroboration, and it opens the door to criminal liability for any prosecutor who submits a petition containing allegations that "he does not believe to be true." 735 ILCS 5/1-109 (West 2022). Verification is not a mere formality— it is an important safeguard that helps to ensure that the accused is afforded due process before being held in pretrial custody, when the presumption of innocence is still in place. The necessity of a sworn verification is clear.

¶ 15     Nevertheless, the question before us is whether the error rose to the level of plain error. Haisley argues that we may review the lack of verification under the second prong of the plain-error doctrine "because it affected [his] fundamental right to liberty." *People v. Smith*, 2016 IL App (1st) 140496, ¶ 15 (reversing erroneous imposition of enhanced sentence despite forfeiture). Although we do not minimize the importance of the right at stake at a detention hearing, it was the allegations of the petition that led the trial court to deny pretrial release, not the absence of a verification. In other words, the lack of verification was not "so serious that it affected the fairness of the [detention proceeding] and challenged the integrity of the judicial process." *People v. Clark*, 2016 IL 118845, ¶ 44 (describing second-prong plain error). As just explained, the purpose of the verification requirement is to make sure that the prosecutor who files the detention petition has confidence in the truth of its allegations. But even when a petition is not verified, the prosecutor, like all lawyers, still has an ethical obligation not to submit a pleading without a basis in fact or

that includes allegations known to be false. Ill. R. Prof'l Conduct (2010) Rs. 3.1, 3.3(a) (eff. Jan. 1, 2010). Furthermore, the absence of a signature does not mean that the detention petition included false allegations or that the prosecutor did not believe that its allegations were true. Had defense counsel objected to the lack of verification, the prosecutor may well have signed the verification then and there. Finally, we note that the circuit court is required to revisit its detention order whenever the defendant appears in court. 725 ILCS 5/110-6.1(i-5) (West 2022). If the defense becomes aware that any of the representations in the detention petition were false or baseless, then the defendant can bring that to the court's attention. For these reasons, we hold that the absence of verification was not plain error.

¶ 16                             C. Timeliness

¶ 17    Haisley next argues that, because he was arrested and had his first court appearance in October 2021, the State's October 2023 detention petition was untimely. See *id.* § 110-6.1(c)(1). Once again, he concedes that he forfeited this alleged error by not challenging the detention petition in the circuit court on the basis that it was untimely, but he argues that we may review this claim under the second prong of the plain-error doctrine. We do not need to reach that question, however, because we do not agree that the petition was untimely. See *People v. Rodriguez*, 2014 IL App (2d) 130148, ¶ 73 ("Where there is no error at all, there can be no plain error.").

¶ 18    When the legislature eliminated cash bail, it anticipated that there would be confusion about how to apply the new pretrial-release provisions to pending cases where the court had already set a monetary bond. It therefore included provisions for transitioning defendants from the old cash-bail system to the new system of pretrial release. See 725 ILCS 5/110-7.5 (West 2022). As relevant here, the legislature directed that any defendants who were in detention because they had not posted a monetary bond would be entitled to a hearing at which the court could consider the appropriate conditions of release anew. See *id.* §§ 110-5(e), 110-7.5. In doing so, the legislature neither expressly permitted nor barred the filing of a detention petition at the conditions-of-release

hearing, stating only that section 110-7.5 "shall not limit" the State's ability to file one. *Id.* § 110-7.5(a).

¶ 19      In the absence of specific guidance within section 110-7.5, Illinois courts have split on whether a defendant's request to reopen the conditions of pretrial release triggers a new opportunity for the State to file a detention petition that would otherwise be untimely. See *id.* § 110-6.1(c)(1) (requiring the State to file a detention petition "at the first appearance before a judge" or "within the 21 calendar days *** after arrest and release of the defendant"). The majority view is that the State is not time-barred under these circumstances. See, *e.g.*, *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 11-33; *People v. Gray*, 2023 IL App (3d) 230435, ¶¶ 10-15; *People v. O'Neal*, 2024 IL App (5th) 231111, ¶¶ 8-18. A panel in the First District, by contrast, has held that neither section 110-7.5(b) nor section 110-5(e) authorizes anew the filing of a detention petition. *People v. Brown*, 2023 IL App (1st) 231890, ¶¶ 13-20.

¶ 20      Contrary to these decisions, we believe that section 110-7.5 neither authorizes nor bars the filing of a detention petition. It expressly says as much when it provides that it does "not limit the State's Attorney's ability to file a verified petition for detention under Section 110-6.1 or a petition for revocation or sanctions under Section 110-6." 725 ILCS 5/110-7.5(a) (West 2022).

¶ 21      We believe that this question can and should be resolved through a straightforward reading of the timing provision itself:

> "A petition may be filed without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days, except as provided in Section 110-6, after arrest and release of the defendant upon reasonable notice to defendant; provided that while such petition is pending before the court, the defendant if previously released shall not be detained." *Id.* § 110-6.1(c)(1).

By its plain terms, this provision authorizes the State to file a detention petition without notice at the initial appearance. If the State does not file a detention petition at the initial appearance, then

it can still file one, subject to reasonable notice, up to 21 days after the defendant is released from custody. We note that this provision is not new. It is drawn verbatim from the former version of section 110-6.1, and it has been in effect since the late 1980s. See 725 ILCS 5/110-6.1(a)(1) (West 2020); Ill. Rev. Stat. 1989, ch. 38, ¶ 110-6.1(a)(1). When the new system came into effect, the only thing that changed was the statutory subsection.

¶ 22    Here, there is no dispute that Haisley had not been released from custody, which means the time for the State to file a petition upon reasonable notice had not yet run. Haisley contends that the State's detention petition was untimely, but he does not explain why, nor does he contend that he was not given reasonable notice. Based on our straightforward interpretation of section 110-6.1(c)(1), we hold that the State's petition was not untimely, and we reject his claim of plain error.

¶ 23                          III. CONCLUSION

¶ 24    The State's detention petition was timely filed because Haisley was still in custody, and the absence of a verification on the petition, while improper, does not rise to the level of plain error. We therefore affirm the circuit court's detention order.

¶ 25    Affirmed.

**People v. Haisley**, **2024 IL App (1st) 232163**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-CR-14352; the Hon. Michele Pitman, Judge, presiding. |
| **Attorneys for Appellant:** | Sharone R. Mitchell, Jr., Public Defender, of Chicago (Abir Ahmed, Assistant Public Defender, of counsel), for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Matthew Connors, Assistant State's Attorney, of counsel), for the People. |