2024 IL App (2d) 230538-U
No. 2-23-0538
Order filed February 22, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2541 |
| WILMAR A. GONZALEZ-ZUNIGA | ) ) | Honorable William G. Engerman |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Presiding Justice McLaren and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in denying defendant pretrial release where defendant admitted to striking and sexually assaulting the victim multiple times posed a threat to the safety of the victim despite a lack of other violent criminal history, and the trial court's denial of defendant's request for electronic monitoring was not based on his inability to afford housing. Affirmed

¶ 1    Defendant, Wilmar A. Gonzalez-Zuniga, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). For the following reasons, we affirm.

¶ 2    On November 23, 2023, defendant was charged by complaint with criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2022)), criminal sexual abuse (*id.* § 11-1.50(a)(1)), and two counts of domestic battery (*id.* § 12-3.2(a)(1), (2)). That same day, the State filed a verified petition to deny defendant pretrial release. Following a hearing on November 24, 2023, the trial court entered an order denying defendant's pretrial release.

¶ 3    Defendant argues in his notice of appeal that the State failed to show by clear and convincing evidence that (1) the proof was evident or presumption great that defendant committed the charged offenses, because the State "only presented a synopsis"; (2) defendant poses a real and present threat to the safety of any person or persons or the community, because the State "only presented a synopsis and criminal history"; (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, only checking the box without elaboration; and (4) no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor, elaborating that the court failed to consider "other conditions *** that would reasonably ensure [defendant's] appearance and prevent subsequent charges."

¶ 4    Defendant also filed a memorandum in support of his appeal. In his memorandum defendant argued that the trial court's refusal to impose electronic home monitoring based on defendant's failure to provide an address effectively imposes a monetary condition of release, which was abolished by the recent amendments to the Code, commonly known as the Pretrial Fairness Act or SAFE-T Act.

¶ 5    On an appeal from an order denying a defendant pretrial release, we review whether the trial court's factual findings were against the manifest weight of the evidence. *People v. Trottier*,

2023 IL App (2d) 230317, ¶ 13. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 6    To begin, we reject defendant's argument that a synopsis and criminal history are *per se* insufficient to demonstrate that the proof is evident or presumption great that defendant committed the charged offenses or that defendant posed a real and present threat to the victim in this case. At a pretrial detention hearing, the State is explicitly permitted by the Act to present evidence "by way of proffer based upon reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2022). Indeed, the Act additionally exempts detention hearings from the rules of evidence. *Id.* § 6.1(f)(5). Without explaining why this police synopsis is not "reliable," counsel's notice of appeal simply argues "[t]he State merely argued that the written [synopsis] in the case was sufficient evidence." This bare conclusory argument is patently without merit, and appellate counsel should have moved to withdraw it. *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 35.

¶ 7    Further, the evidence in the synopsis was more than sufficient to show by clear and convincing evidence that the proof was evident or presumption great that defendant committed the charged offenses. According to the synopsis, defendant's ex-boyfriend went to the Elgin Police Department to report the alleged domestic violence and sexual assaults. The victim advised police that he and defendant began living together approximately two months prior. They terminated their romantic relationship about four weeks earlier. The victim described two acts of sexual assault which occurred on October 23 and 30, 2023. The victim stated that on November 22, 2023, he and defendant got in an argument and defendant punched him in the side of his head. After things cooled down, the two agreed to go to the park to talk and smoke cannabis. While at the park

defendant tried to kiss the victim, who put his hands up to block defendant. Defendant then became mad and pushed the victim to the ground, injuring the victim's hands. The victim ran away and called for help. The victim had visible injuries to his hands, which the police photographed.

¶ 8    Police took defendant into custody where, after being read his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), defendant admitted to striking the victim in the head and pushing him at the park. He also admitted to performing the sexual acts described by the victim on October 23, and 30, 2023, and that the victim told him, "I don't want to."

¶ 9    Positive identification by a single witness is sufficient to sustain a conviction (*People v. Slim*, 127 Ill. 2d 302, 307 (1989)), let alone an order for pretrial detention. Further, defendant admitted to much of the charged conduct. Accordingly, there was sufficient evidence upon which the trial court could find that the proof was evident or the presumption great that defendant committed the charged offenses.

¶ 10    Additionally, although defendant did not have any violent criminal history, the ongoing assaultive and violent nature of the allegations in the instant case were sufficient to show that defendant posed a real and present threat to the safety of the victim.

¶ 11    Regarding less restrictive conditions, at the detention hearing, trial counsel represented that defendant would be able to reside somewhere other than with the victim, and that GPS or electronic home monitoring could be appropriate. The court then inquired about where defendant would be residing. Trial counsel responded that defendant had several friends who lived in Elgin, and he believed he would be able to stay with one of them, but that defendant needed to speak with them first. In denying defendant pretrial release, the trial court stated that,

> "I have not been given an address at which defendant would reside; therefore, at
> this point, I cannot impose conditions of a GPS or Electronic Home Monitoring because I

don't know where the defendant would reside. I don't know who the defendant would reside with. I don't have the name of any friends that defendant could live with.

He has no—there's been no indication that the defendant has any family in this area."

¶ 12    Defendant argues that the trial court's refusal to consider electronic home monitoring based on the lack of an address is contrary to the purpose of the Pretrial Fairness Act, it is tantamount to requiring cash bail, and that defendant's inability to pay for housing is not a sufficient reason to detain him.

¶ 13    Defendants placed on electronic home monitoring require a host site where they can live while on electronic home monitoring, typically with family or friends. *People v. Brown*, 2023 IL App (1st) 231890, ¶ 1 n.2. Further, the failure to provide an acceptable host site can be a basis to detain a defendant pretrial, even when a defendant has been ordered released on the condition of electronic home monitoring. See *id.* ¶ 17 (following a hearing under section 110-5(e) of the Code (725 ILCS 5/110-5(e) (West 2022)), the trial court was authorized to leave the condition of electronic home monitoring in place despite the failure to locate a proper host site).

¶ 14    Defendant is correct that, under the Pretrial Fairness Act, "the inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." 725 ILCS 5/110-5(e) (West 2022). However, despite counsel's assertion, there is nothing in the record to indicate that defendant's inability to locate a proper host site in the instant case was the result of defendant's inability to pay for housing.

¶ 15    Defendant had a full-time factory job and owned a car. Defendant had been living at the residence to which the victim moved two months prior to defendant's arrest. Given the allegations

in the instant case, it would be untenable for defendant to continue living with the victim if granted pretrial release. The record does not reflect how long defendant resided at that address or in the area. The court additionally noted that defendant had pending charges in Texas from October 2022 and in Illinois from July 2023 for "willfully or fraudulently misrepresenting a material fact to procure a visa or admission." Defendant suggested that he would be able to live with friends in Elgin, but stated he would need to speak with the friends first. Defendant made no argument that he could not afford housing.

¶ 16    Accordingly, we do not reach the issue of whether the inability to afford housing, and thus provide an appropriate host site for electronic home monitoring, constitutes an "inability of the defendant to pay for a condition of release" under section 110-5(e) of the Code.

¶ 17    Defendant further argues that the trial court improperly shifted the burden of proof to defendant to provide the address for a host site, where the State bears the burden of showing that no combination of conditions could mitigate the threat defendant posed to the victim. While it is true that the State bears the burden of proof at a pretrial detention hearing (725 ILCS 5/110-6.1(e) (West 2022)), the State cannot be expected to present mitigating evidence that is within defendant's possession such as family ties, employment, financial resources, length of residence in the community, or community ties. 725 ILCS 5/110-5(a)(1) (West 2022)). In the instant case, the State showed that at the time of arrest, defendant was living with the victim. When defendant argued the electronic home monitoring would be appropriate, he was unable to provide a definite location for a host site. It is not the State's obligation to provide the court with a location where the defendant can reside pretrial. Accordingly, we reject defendant's claim that the trial court erred in finding that, under these circumstances, no condition or combination of conditions could mitigate the real and present threat to the safety of the victim. If the circumstances change,

defendant may move to be heard under sections 110-6(g) or 110-6.1(i-5) of the Code (725 ILCS 5/110-6(g), 6.1(i-5) (West 2022)).

¶ 18    As for defendant's arguments regarding whether there existed a condition or combination of conditions which would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor, this standard is only applicable to a petition to revoke under section 110-6 of the Code (725 ILCS 5/110-6) (West 2022)) and has no bearing on the instant appeal.

¶ 19    For these reasons, the trial court did not err in denying defendant pretrial release and we affirm the judgment of the Kane County circuit court.

¶ 20    Affirmed.