2024 IL App (1st) 232359B-U

No. 1-23-2359B

Order filed March 29, 2024

Fifth Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 0878301 |
| | ) | |
| CORY STONE, | ) | Honorable |
| | ) | Angela Munari-Petrone, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

ORDER

¶ 1    *Held*:    We reverse the circuit court's order granting the State's petition for pretrial detention and remand for a new hearing.

¶ 2    Defendant Cory Stone appeals from an order of the circuit court denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022) (Code)), as amended by Public Act 101-652 § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today Act (Act). Mr. Stone challenges the timeliness of the State's petition and the State' failure to meet its burdens of clear and

convincing evidence that (1) the proof is evident or the presumption great that Mr. Stone committed the offense of armed habitual criminal; (2) that Mr. Stone posed a threat to the safety of any person or persons or the community; and (3) the threat posed could not be adequately mitigated. For the reasons that follow, we reverse.

¶ 3                                    BACKGROUND

¶ 4       On July 16, 2023, Mr. Stone was arrested and charged with one count of armed habitual criminal, three counts of manufacture or delivery of 1-15 grams of controlled substances, one count of possession of a firearm with a prior conviction, two counts of aggravated unlawful use of a weapon in a vehicle with a previous conviction, and two counts of possession of a controlled substance. On July 17, 2013, Mr. Stone received a $100,000 deposit bond. Mr. Stone remained in custody since his bond hearing because he was unable to pay bail.

¶ 5       On November 15, 2023, defense counsel filed a petition for pretrial release. In response, the State filed a petition for pretrial detention on November 20, 2023. The trial court conducted a detention hearing the same day. Following defense counsel's objection to the timeliness of the State's petition, the State began with its proffer.

¶ 6       The State proffered that on July 16, 2023, as a result of a traffic stop, police recovered a loaded handgun and a large quantity of narcotics packaged for individual sale from a car in which Mr. Stone was the sole occupant. A loaded handgun was found in an open bag on the car's front passenger seat. This gun was described as a "ghost gun" because it does not have a serial number from the manufacturer. The State then proffered Mr. Stone's background, which included a total of six felony convictions.

¶ 7	Defense counsel then presented mitigation for Mr. Stone. Defense counsel stated that Mr. Stone is 35 years old, a husband, a father of two children and stepfather to three children. He is the sole provider for his two children and runs a clothing store with his wife.  He also works as a case manager with Build Chicago. Defense counsel presented that Mr. Stone has a place to go on electronic monitoring and that the recommendation from Pretrial Services was pretrial supervision level one. Defense counsel asked Mr. Stone to be placed on electronic monitoring. Defense counsel also informed the court of Mr. Stone's health conditions, including his use of a colostomy bag.

¶ 8	The court found that based on Mr. Stone's charges, his pretrial release poses a real and present threat to the safety of the person or persons of the community. The court also noted Mr. Stone's previous convictions for delivery and possession of controlled substances and the current allegations that he possessed controlled substances, including fentanyl, and a ghost gun. Based on those facts, the court found Mr. Stone to be a real and present threat and ordered him to be detained.

¶ 9	ANALYSIS

¶ 10	Mr. Stone filed a timely notice of appeal from the circuit court's order. We find that we have jurisdiction to consider the merits of this appeal. See 725 ILCS 5/110-6.1(j) (West 2022); Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023).

¶ 11	In Mr. Stone's memorandum, he argues the State's petition for pretrial detention was untimely, thus the circuit court lacked the authority to hear and grant it. Additionally, Mr. Stone argues that even if we find the State's petition was timely, the State did not meet its burden to deny him pretrial release.

¶ 12                                     A. Timeliness of the State's petition

¶ 13     Mr. Stone's contention that he is not subject to section 110-6.1 of the Act is an issue of statutory interpretation, which we review *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45. When interpreting a statute, our objective "is to ascertain and give effect to the legislature's intent." *People v. Newton*, 2018 IL 122958, ¶ 14. We must first look to "the language of the statute, given its plain and ordinary meaning." *Id.* However, "[t]he statute should be evaluated as a whole, with each provision construed in connection with every other section." *Jackson v. Board of Election Commissioners of City of Chicago*, 2012 IL 111928, ¶ 48.

¶ 14     Mr. Stone was released pretrial subject to compliance with the condition of depositing bond before the Act went into effect. The Act includes a provision to encompass defendants who were granted pretrial release before it went into effect and places them in three categories; persons who have been released on the condition of bond; persons who remain detained after being ordered released on conditions, including the condition of depositing security; and persons who are held no bail. 725 ILCS 5/110-7.5 *et seq.* (West 2022).

¶ 15     Mr. Stone falls into the second category; he was released on a deposit bond for $100,000 and remained in custody because he was unable to post the required $10,000. He argues that because he falls under subsection (b) of section 110-7.5, he is not subject to section 110-6.1. Alternatively, he argues that even if the State is permitted to file a petition for detention, the petition was untimely because it was filed over 21 days after his arrest.

¶ 16     We have resolved this question in *People v. Whitmore*, 2023 IL App (1st) 231807. In *Whitmore*, the defendant was arrested in December 2022 and was given a deposit bond for $1,000,000, which required him to post $100,000 and submit to electronic home monitoring and

GPS. *Id.* at ¶ 2. After the Act went into effect, the defendant petitioned to remove the financial conditions of his pretrial release. *Id.* The State filed a petition for the defendant's pretrial detention the following day. *Id.*

¶ 17    Just as in *Whitmore*, we look to the language of subsections 110-7.5(a) and 110-7.5(b) of the Code, which provides instruction for individuals who fall under section 110-7.5. Subsection (a) provides:

> "[A]ny person having been previously released pretrial on the condition of the deposit of security shall be allowed to remain on pretrial release under the terms of their original bail bond. This Section shall not limit the State's Attorney's ability to file a verified petition for detention under Section 110-6.1***." 725 ILCS 5/110-7.5(a) (West 2022).

Subsection (b) of the Code provides that "any person who remains in pretrial detention after having been ordered released from pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." *Id.* § 110-7.5(b).

¶ 18    We apply the same reasoning here. The statute differentiates between "sections" and "subsections," with the language in subsection (a) stating "[t]his Section *shall not limit* the State's Attorney's ability to file a verified petition for detention under Section 110-6.1***." (Emphasis added). Thus, this provision applies to all of section 110-7.5. Further, the 21-day time restriction for filing petitions for pretrial detention "must be read to allow the State to petition to detain defendants who were ordered to be released on bond prior to the Act's effective date." *Whitmore*, 2023 IL App (1st) 231807, ¶ 15.

¶ 19    Mr. Stone argues that the Third Division's approach should be applied instead. In *People v. Brown*, the defendant's family posted his $5,000 bond, but the defendant was never released on electronic monitoring because no host site was available. 2023 IL App (1st) 231890, ¶ 3. Similar to *Whitmore*, the defendant fell into the category of defendants who remained in pretrial detention

after having been ordered released with pretrial conditions. See 725 ILCS 5/110-7.5(b). This court stated that section 110-7.5(a) was for a different category of detainees than the defendant. *Brown*, 2023 IL App (1st) 231890, ¶ 20. This court reasoned that it was the legislature's intention to have specific remedies for individuals who were arrested before the Act went into effect but who remained detained after. *Id.*

¶ 20    We disagree with this reading of the statute. We cannot ignore the language of the statute that instructs for there to be no limits to the State's Attorney's ability to file a petition for pretrial detention under 110-6.1. Additionally, we do not find that that the State's time to file a petition had run. Under subsection (c) of section 110-6.1, the State may file "without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days, except as provided in Section 110-6, after arrest and release of the defendant upon reasonable notice to defendant***."

¶ 21    Here, Mr. Stone filed a motion for pretrial release and the State filed a petition to detain in response. Not only did Mr. Stone have adequate notice of the State's petition, but because he was not released, the State's time to file the petition had not run. See *People v. Haisley*, 2024 IL App (1st) 232163, ¶ 22. We find the State has complied with the timing requirements of the Act and therefore hold that the circuit court did not err in allowing the State to file a petition for detention.

¶ 22                                  B. State's burdens under section 110-6.1

¶ 23    Mr. Stone then contends the State failed to meet its burden of proving clear and convincing evidence for all three elements under subsection (e) of section 110-6.1. Though Mr. Stone only addresses the third element in his memorandum, we will, nonetheless, address each element.

¶ 24    We first note the Act provides that all criminal defendants are eligible for pretrial release. 725 ILCS 5/110-6.1(e). It is the State's burden to prove by clear and convincing evidence that (1)

the proof is evident or the presumption great that the defendant committed an eligible offense; (2) the defendant poses a real and present threat to the safety of any person, persons, or the community; and (3) there is no condition or combination of conditions that can mitigate the real and present threat. *Id.*

¶ 25    Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re Tiffany W.,* 2012 IL App (1st) 102492-B, ¶ 12. We will not reverse a finding of clear and convincing evidence unless the circuit court's finding was against the manifest weight of the evidence. *In re C.N.*, 196 Ill. 2d 181, 208 (2001). "A finding is against the manifest weight of the evidence only in the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 26    With respect to the first two elements, we find the State met its burden. As to whether the proof is evident or the presumption great Mr. Stone committed the eligible offense of armed habitual criminal, we find the court's ruling was not against the manifest weight of the evidence. To commit the offense of armed habitual criminal, a person must receive, sell, possess, or transfer any firearm after having been convicted of a total of two or more times of any combination of certain offenses, which include violations of the Illinois Controlled Substance Act. 720 ILCS 5/24-1.7 *et seq*. (West 2010). The State proffered that Mr. Stone was previously convicted of two qualifying offenses: one conviction for manufacture and delivery of a controlled substance and one conviction for possession of a controlled substance. In this case, Mr. Stone was found to be in possession of a loaded handgun during a traffic stop. The State's proffer presented clear and convincing evidence that proof is evident or the presumption great that Mr. Stone committed the

offense of armed habitual criminal.

¶ 27    As to the second element, we also find that the State met its burden of proving by clear and convincing evidence that Mr. Stone presents a real and present threat to the safety of the community. The State proffered that Mr. Stone was found with large quantity of narcotics packaged for individual sale, including bags of heroin that tested positive for fentanyl and a gun without a serial number. A finding that the possession of these drugs and a loaded "ghost gun" is a threat to the community is not against the manifest weight of the evidence, thus the second element has been satisfied.

¶ 28    As to the final element, we do not find that the State met its burden to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the community. Legal conclusions must rest on proffered facts or other competent evidence. *People v. White*, 2024 IL App (1st) 231753, ¶ 24; see 725 ILCS 5/110-6.1(f) (West 2022). Section 110-10(a) establishes a number of mandatory conditions that must be imposed for defendants released prior to trial, while section 110-10(b) provides a number of discretionary conditions that the trial court may impose.  725 ILCS 5/100-10(a), (b). Section 110-10(b) also allows the trial court to impose "[s]uch other reasonable conditions" if those conditions are individualized and the least restrictive means possible to ensure defendant's appearance in court and compliance with pretrial release rules, court procedures, and criminal statutes. *Id.* § 110-10(b)(9).

¶ 29    Mr. Stone relies on *People v. Stock*, 2023 IL App (1st) 231753, and asserts that the State improperly relied on its factual proffer about the allegations to establish that no combination of conditions could mitigate the threat he poses. In *Stock*, the State solely relied on its factual proffer

and did not offer anything further to establish that no condition of combination of conditions could mitigate the threat. *Id.* at ¶ 20. The circuit court's written order also suggested that no findings were made to this prong. *Id.* This court found that there was not clear and convincing proof that the defendant could not be given conditions to mitigate the threat and the circuit court's findings were against the manifest weight of the evidence. *Id.* at ¶ 21.

¶ 30 Here, the State did not present any evidence relevant to the third element and sections 110-10(a) and (b). The State solely presented the proffered facts and Mr. Stone's background, with no mention of why no condition or combination of conditions could reduce the threat Mr. Stone poses. Further, Pretrial Services recommended pretrial release with electronic monitoring, yet the State did not provide any evidence or argument of why the condition would not mitigate the risk.

¶ 31 The State's lack of argument was also apparent in the circuit court's written order. The court writes that Mr. Stone committeed the present offense "after he allegedly cut off his EM bracelet;" however, it is unclear where this allegation stemmed from, as this fact was not presented in the State's proffer or its detention petition. The court also did not provide any reasoning in the portion of the written order dedicated to third element, instead opting to write "see #2 above." Taking the court's written order together with the State's proffer and petition, we do not believe the State met its burden to prove by clear and convincing evidence no condition or combination of conditions would mitigate the threat posed by Mr. Stone.

¶ 32 Accordingly, we vacate the circuit court's detention order and remand to the circuit court for compliance with the Code, specifically to consider alternatives to detention and to make individualized findings explaining why less restrictive conditions would or would not mitigate the

real and present threat of safety to the community. We express no opinion on what the circuit court's ruling on this matter should be.

¶ 33                                                    CONCLUSION

¶ 34    For the foregoing reasons, we reverse the circuit court's order to detain Mr. Stone and remand for proceedings consistent with this order.

¶ 35    Reversed and remanded.