2024 IL App (1st) 240480-U

No. 1-24-0480B

Filed May 16, 2024

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 24 CR 34 & 24 CR 38 |
| | ) | |
| FRANC WILLIAMS, | ) | Honorable |
| | ) | Angela Petrone |
| Defendant-Appellant. | ) | Judge, presiding. |

Justice MARTIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Circuit court's revocation of defendant's pretrial release reversed. Cause remanded for proceedings consistent with article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq*. (West 2022)).

¶ 2     Franc Williams appeals from the circuit court's denial of his request for pretrial release after a hearing on February 15, 2024. The circuit court had previously revoked his pretrial release on January 17, 2024. For the following reasons, we find that the proceedings did not comply with article 110 of the Code of Criminal Procedure of 1963 (Code), which governs pretrial release and detention, and remand with instructions.

¶ 3                                 I. BACKGROUND

¶ 4        The record before us is sparse.[1] Nevertheless, we can discern the following.

¶ 5        Williams was charged with retail theft after being arrested for stealing merchandise from a Macy's department store on State Street in Chicago on November 28, 2023. He was released. Less than a week later, Williams was arrested again and charged with robbery for pushing and hitting a loss prevention officer while stealing merchandise from the same Macy's on December 2, 2023.

¶ 6        At his appearance on the robbery charge, the State filed a petition to revoke Williams's pretrial release on the basis that he was charged with committing a robbery on December 2 while on pretrial release for the prior retail theft charge. The court denied the petition but released Williams with conditions of electronic monitoring (EM) and placement in a residential drug treatment facility. The State did not appeal.[2]

¶ 7        Williams was placed at a treatment facility. Sometime later, however, he returned to the facility, after being permitted to leave temporarily, appearing to be intoxicated. A urinalysis revealed the presence of cocaine in his system. In addition, Williams was observed appearing to purchase narcotics in the alley behind the facility and, upon his return, suspected crack cocaine and a pipe were found on his person. The facility reported this to the Cook County Sherriff's Department and indicated he could not remain there. The Sherrif's Department then returned Williams to the Cook County jail. No charges were filed related to the incidents at the facility.

---

[1]There appears to be a trend of supplying an incomplete record on appeal when, as here, defendants have more than one proceeding bearing on detention or release. A record of each of those proceedings should be included. See Ill. S. Ct. R. 604(h)(4) (eff. Apr. 15, 2024). An incomplete record hampers our review. The appellant is responsible for providing a sufficiently complete record to enable our review of the issues raised. *Todd W. Musburger, Ltd. v. Meier*, 394 Ill. App. 3d 781, 795 (2009). Any doubts arising from an incomplete record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

[2]It appears that these proceedings took place in the Municipal Division of the Cook County Circuit Court. A transcript of the hearing on the State's petition to revoke is not included in the appellate record.

¶ 8        Both of Williams's charges were superseded by indictment or information and transferred to the Criminal Division. The retail theft charge became case number 24 CR 38 and the robbery charge became 24 CR 34. In the Criminal Division, the State filed a second petition to revoke Williams's pretrial release on January 17, 2024. The petition asserted the exact same basis as the first petition that was denied in December in the Municipal Division—that Williams was charged with the December 2 robbery committed while on pretrial release for the November 28 retrial theft. The court granted the petition and revoked Williams's pretrial release upon the basis that he was charged with a robbery committed while on pretrial release in the retail theft case. Williams did not appeal.[3]

¶ 9        Williams next appeared on February 15, 2024. His counsel stated that Williams is provided an apartment in conjunction with his job as an apartment building superintendent. Unless he returned the next day, he would lose his job and housing. Counsel requested that Williams be released with conditions of EM and confinement to his home.

¶ 10       Counsel also argued that Williams was not charged with a detainable offense and had not been charged with an offense committed while on pretrial release. Presumably, counsel was referring to Williams's release following his December appearance on the robbery case. Counsel insisted that Williams was in custody solely for violating the conditions of his release and could be held for no more than 30 days. Williams also denied the allegations related to using or purchasing narcotics at the treatment facility.

¶ 11       The prosecutor recounted that the State had previously petitioned to revoke Williams's release, but the petition was denied, and Williams was released with conditions. He returned to jail following his expulsion from the treatment facility.

_____

[3]The State's January 17 petition to revoke pretrial release and the court's order granting the same are included in the record but a transcript of the January 17 hearing is absent.

¶ 12    The court observed that Williams had an extensive criminal history of at least 20 felony and misdemeanor convictions and that, when released upon a retail theft charge, he was charged with committing a robbery at the same Macy's just a few days later. When released again, the court noted, Williams was "kicked out" of the treatment facility based on drug related allegations. The court continued:

> "I'm looking at the statute, and it says the original Court may revoke pretrial release only if the Court finds by clear and convincing evidence, which is not a very high standard, that no condition or conditions would reasonably assure the appearance of the defendant in court, and here is the next part, or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor."

Ultimately, the court found that the State had shown by clear and convincing evidence that no conditions would prevent Williams from being charged with a subsequent felony or class A misdemeanor, specifically theft. The court then stated that it was "denying [Williams's] request for release" and told him he had 10 days to appeal.[4] Apart from its oral pronouncements, the court entered no written order regarding Williams's detention or release.

¶ 13    A week later, Williams filed a notice of appeal using a form approved for filing appeals related to pretrial detention under Illinois Supreme Court Rule 604(h) (eff. Dec 7, 2023). His notice includes both the robbery and retail theft case numbers. Williams stated that he was appealing the court's order of February 15, 2024 and checked a box indicating the nature of the order appealed was "denying pretrial release." He listed five separate grounds for relief: (1) his charged offense does not qualify for pretrial detention, (2) he was not shown to be a safety threat because the charges relate to retail thefts, (3) the State failed to show conditions of release, such as EM and an

---

[4]He had 14 days to appeal. Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023).

order to avoid Macy's, would not mitigate any threat he poses, and (4) the court failed to provide a summary of its reasons to conclude that less restrictive conditions were inadequate. The fifth ground for relief states as follows:

"The Court did not enter a written order on 2/15/24 listing out its reasons denying pre-trial release. The Court indicated that the reason for denial of pre-trial release was that the defendant was arrested for a second Retail Theft case. However, this Defendant was already charged with both matters when [he] appeared before the Court for arraignment. The Defendant did not pick up a new case while these cases were pending before the Court, and did not pick up any new cases while on electronic monitoring. While an alleged electronic monitoring violation had occurred, the Defendant is entitled to a hearing on this violation, and can be held at most for 30 days on this alleged violation."

Williams elected not to file a memorandum supporting his appeal. The State elected not to file a memorandum as well.

¶ 14                                    II. ANALYSIS

¶ 15        Williams's appearance before the circuit court on February 15, 2024 was after the circuit court's January 17, 2024 revocation of his pretrial release. In accordance with section 110-6(j) of the Code of Criminal Procedure of 1963 (Code), the Court was required to find whether "continued detention *** is necessary to reasonably ensure the appearance of the defendant for later hearings or to prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(j) (West 2022). But neither the parties nor the court addressed Williams's detention or release consistent with section 110-6(j).

- 5 -

¶ 16        Instead, defense counsel made an oral request for Williams to be released with conditions so he could maintain his employment and housing. Both defense counsel and the court referred to a 30-day review of Williams's detention and the State acquiesced to such a review.[5]

¶ 17        The defense proceeded as though it bore the burdens of going forward and persuasion. At the outset of defense counsel's remarks, he stated that the court had previously revoked only the condition of EM and that Williams was in custody solely for violating the conditions of his release. The record contradicts those statements. The court revoked Williams's pretrial release altogether on January 17, 2024 and he was not sanctioned for violating pretrial release conditions.

¶ 18        Counsel then proceeded to argue that revocation was improper since Williams was not charged with committing any offenses while he was released, presumably meaning Williams's second release after he appeared on the robbery charge in December. That argument would appear directed at the court's prior January 17, 2024 order revoking pretrial release. It is unclear whether counsel was seeking for the court to reconsider its prior order or consider the revocation issue anew as though the prior order had not been entered.

¶ 19        For its part, the court referred to the Code's provision for revoking pretrial release, suggesting that the court was considering the issue anew. Likewise, the court's ultimate finding applied the standard for initially revoking pretrial release—that the State had proven by clear and convincing evidence that no conditions would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or class A misdemeanor. See *id*. § 110-6(a). We observe that the trial court remarked that clear and convincing is not a high evidentiary standard. This is not so. It is second only to beyond a reasonable doubt. The remark suggests that the court applied a lower standard. Nevertheless, upon the court's finding,

---

[5]The Code does not contemplate such a procedure.

it denied Williams's request for release. That ruling was ambiguous. The court never clarified whether its February 15 ruling was a revocation of Williams's pretrial release or a continuation of his detention following the revocation of his pretrial release on January 17, 2024. In any event, the court never referenced that it had previously entered an order revoking Williams's pretrial release.

¶ 20    Williams's notice of appeal is inconsistent as well. The asserted grounds for relief refer to standards for denial of pretrial release following a hearing on a State petition filed under section 110-6.1. See *id.* § 110-6.1 (West 2022). Such a hearing did not occur here. The notice of appeal also refers to revocation under section 110-6 as well as sanctions for violating conditions of revocation. Although each procedure could result in a defendant being detained, they are distinct and different requirements apply for each.

¶ 21    Insofar as Williams's appeal is directed at the revocation of his pretrial release, we must consider whether the issue is reviewable in this appeal of the February 15 order when the previous January 17, 2024 order revoked Williams's pretrial release. Williams did not appeal the January 17 order. See Ill. S. Ct. R. 604(h)(1)(ii) (eff. Dec. 7, 2023) (providing that a defendant may appeal an order revoking pretrial release). He only appealed the court's February 15 order denying his request for release at a subsequent appearance. Williams's notice of appeal was filed beyond the prescribed 14-day limit to challenge the January 17 order. See Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023). Rule 604(h) was later amended to make pretrial detention and release orders appealable at any time prior to conviction. Ill. S. Ct. R. 604(h)(3) (eff. Apr. 15, 2024). However, under the amended rule, the appellant must first file a motion for relief in the trial court. Ill. S. Ct. R. 604(h)(2), (3) (eff. Apr. 15, 2024). Procedural amendments to Illinois Supreme Court Rules may apply to ongoing proceedings. *People v. Easton*, 2018 IL 122187, ¶ 21. But when application of the amended procedural rule would necessitate new proceedings in the trial court for a case

pending on appeal, the amendment does not apply retroactively. *Id.* ¶ 23. That is the situation here. To apply the amended rule permitting appeal at any time prior to conviction, Williams would need to first file a motion for relief in the trial court. Since his case is already on appeal, the amendment cannot apply. Consequently, Williams's notice of appeal filed on February 22 is not a timely appeal of the January 17 order. Nevertheless, Williams's failure to comport to the 14-day appeal deadline does not definitively resolve the issue, and so we look to similar cases of this court.

¶ 22    In *People v. Hongo*, 2024 IL App (1st) 232482, a defendant was ordered detained on October 17, 2023 following a hearing on the State's petition to deny pretrial release filed the same day. He failed to appeal but filed a petition seeking pretrial release in December. *Id.* ¶ 10. After a hearing on December 6, 2023, the court found that the defendant's continued detention was necessary for public safety. *Id.* ¶ 13. The defendant filed a notice of appeal within 14 days of the December 6, 2023 order seeking reversal of the decision to continue his detention and requesting release with conditions. *Id.* ¶ 14. The grounds for relief included whether the State had met its burden to prove the propositions necessary to initially detain him. *Id.* ¶¶ 15-18. On appeal, the defendant also argued that the State's petition to deny pretrial release was untimely. *Id.* ¶ 23.

¶ 23    The court determined that the issues Hongo raised on appeal arose from the earlier October 17, 2023 order and therefore it lacked jurisdiction to review them in his appeal from the December 6, 2023 order. *Id.* ¶ 28. The only issue properly before the court was the trial court's finding that continued detention was necessary. *Id.* ¶ 31.

¶ 24    A similar situation arose in *People v. Triplett*, 2024 IL App (2d) 230388. There, a defendant was ordered detained on September 20, 2023. *Id.* ¶ 8. The defendant requested pretrial release at his subsequent appearance on October 2, 2023, which was denied. *Id.* The defendant filed a notice of appeal on October 13, 2023, challenging both the September 20 and October 2, 2023 orders. *Id.*

The notice was filed within 14 days of the later order but beyond 14 days from the earlier one. For that reason, the State argued that the appellate court lacked jurisdiction to review the earlier, September 20, 2023 order detaining the defendant. *Id*. ¶ 10.

¶ 25    The Second District found that the notice of appeal was untimely to challenge the September 20, 2023 order, but the court's October 2, 2023 continued detention order was based on its prior findings, and it expressly incorporated the September findings in the order. *Id*. ¶ 11. Thus, the appellate court concluded that the issue of the timeliness of the State's petition to deny pretrial release, which was commonly addressed in both the September 20 and October 2, 2023 proceedings, was properly before it. *Id*. The court further observed "it is plain that, if the State's petition to detain was untimely and thus lacked a legal basis, the justification for the October 2 order continuing the defendant's pretrial detention pursuant to that petition is also questionable." *Id*. In a later case, the Fifth District observed that the *Triplett* court's determination was correct "because a notice of appeal brings up for review unspecified orders and judgments that were a step in the procedural progression leading to the judgment or order specified in the notice of appeal." *People v. Neal*, 2024 IL App (5th) 231049-U, ¶ 14 (citing *People v. Jones*, 207 Ill. 2d 122, 138 (2003)).

¶ 26    Comparing these cases, we observe that in *Hongo*, the court explicitly applied the standard for subsequent appearances and limited its inquiry accordingly. In *Triplett*, by contrast, the court expressly relied on the findings in its prior detention order, effectively incorporating its findings into the later order. Thus, the trial court's later inquiry was more expansive than a continued detention determination for subsequent appearance.

¶ 27    We find the proceedings in this case resemble that in *Triplett* more than that in *Hongo*. At the February 15, 2024 hearing, the trial court never clarified the precise nature of the issue before

it. The court seemingly reopened proceedings on the State's petition to revoke Williams's pretrial release for consideration anew despite its January 17, 2024 order. Instead of a limited inquiry regarding the necessity of continued detention, the court expressly cited the standard for an initial revocation determination and couched its findings in those terms. Thus, the court at least impliedly incorporated its earlier decision to revoke Williams's pretrial release into its February 15, 2024 ruling. Even if that ruling were viewed as a continuation of Williams's detention based on the court's prior revocation of his pretrial release, the court's treatment of the issue on February 15, 2024 connected the orders, making the prior order a step in the procedural progression leading to the later order specified in the notice of appeal. Therefore, we conclude that we have jurisdiction to review the revocation of William's pretrial release.

¶ 28   We observe that the State filed a second petition to revoke Williams's pretrial release in January 2024, asserting the same basis as in its first petition filed in December 2023—that Williams was charged with robbery while he was on pretrial release for retail theft. We do not look favorably upon this practice. The court that heard the first petition already determined that Williams's pretrial release would not be revoked for that reason. That ruling was an appealable order. See Ill. S. Ct. R. 604(h)(1)(ii) (eff. Dec. 7, 2023) (providing that the State may appeal from an order denying a petition to revoke pretrial release). When Williams was expelled from the treatment facility and returned to the Cook County jail, a second petition to revoke was inappropriate. The Code makes clear that pretrial release can only be revoked when a defendant is charged with a felony or class A misdemeanor committed while on pretrial release or charged with violating a protection order. 725 ILCS 5/110-6(a) (West 2022). Unless a defendant violates their pretrial release by committing a felony or class A misdemeanor, their release cannot be revoked. A violation of the conditions of their release is not by itself sufficient. Williams was not charged

with any offense following his release with conditions. Rather, he was returned to the Cook County jail when the treatment facility determined he could not remain there. Williams's pretrial release could not be revoked for that reason, yet the State filed a second petition to revoke citing the same factual basis as the earlier denied revocation petition.

¶ 29    By so doing, the State circumvented the procedures provided in the Code for a defendant who has been ordered released but remains in custody due to an inability to satisfy a condition of release. Subsection (e) of section 110-5 addresses such a predicament. See *id.* § 110-5(e) (West 2022). After Williams was returned to the Cook County jail, he should have been afforded a hearing under subsection (e) to determine the reason for his continued detention. If the hearing revealed that he was ineligible for a pretrial condition previously ordered, the court could reopen the pretrial release hearing to determine "what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* Additionally, the State could have filed a petition for sanctions or modification of conditions of release. See *id.* § 110-6(e), (f). Instead, the State bypassed these procedures by filing a second petition to revoke and subsequently obtained a remedy that is not provided for in the Code.

¶ 30    For these reasons, we find that the circuit court improperly revoked Williams's pretrial release and remand for a hearing under subsection 110-5(e).

¶ 31                               III. CONCLUSION

¶ 32    Based on the foregoing, the judgment of the trial court revoking Williams's pretrial release is reversed and this matter is remanded for a hearing under subsection 110-5(e).

¶ 33    Reversed and remanded.