2024 IL App (1st) 241284

FIFTH DIVISION
October 4, 2024

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

Nos. 1-24-1284B, 1-24-1285B, 1-24-1286B, & 1-24-1654B (cons.)

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | No. 18 CR 1297101 No. 19 CR 0760001 No. 19 CR 0908701 |
| ANTHONY MILNER, | ) ) | No. 20 CR 0033501 |
| Defendant-Appellant. | ) ) ) ) | Honorable Diana L. Kenworthy, Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court, with opinion.
Justice Oden Johnson specially concurred, with opinion.
Justice Mitchell specially concurred, with opinion.

**OPINION**

¶ 1    The circuit court ordered defendant Anthony Milner detained pending trial, under the dangerousness standard set out in section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), and Public Act 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. Mr. Milner's sole argument on appeal is that the State's petitions for pretrial detention should have been denied as untimely. We disagree and affirm the circuit court's order.

¶ 2                                    I. BACKGROUND

¶ 3      Mr. Milner stands charged, personally or through a theory of accountability, with numerous violent felonies and weapons charges, including first degree murder, attempted first degree murder, aggravated battery, aggravated discharge of a firearm, and aggravated unlawful use of a weapon in case Nos. 18 CR 12971, 19 CR 07600, 19 CR 09087, and 20 CR 00335. These charges arise from four separate shootings that occurred during a four-month period in 2018. In these consolidated appeals, Mr. Milner challenges a single pretrial detention order that was entered in each of his four cases.

¶ 4      Mr. Milner was arrested prior to the amendments to section 110-6.1 that eliminated cash bail in Illinois. Monetary bail was set in his case, but Mr. Milner was apparently unable to post bond and has remained in custody since 2018. On October 10, 2023, following those amendments, the circuit court granted Mr. Milner leave to represent himself, and he filed a *pro se* motion for pretrial release in each of his pending cases. That motion was set to be heard on November 14, 2023.

¶ 5      On the date of the hearing, the State petitioned for Mr. Milner to be detained pretrial. It argued, pursuant to section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2022)), that (1) Mr. Milner was charged with the detainable offenses of first degree murder (720 ILCS 5/9-1 (West 2018); 725 ILCS 110-6.1(a)(1.5) (West 2022)) in case Nos. 19 CR 09087 and 20 CR 00335 and attempted first degree murder (720 ILCS 5/8-4, 9-1 (West 2018); 725 ILCS 5/110-6.1(a)(1), (7) (West 2022)) in case Nos. 18 CR 12971 and 19 CR 07600; (2) he posed a real and present threat to the community based on the specific articulable facts of the cases; and (3) there were no conditions set forth in section 110-10(b) of the Code (725 ILCS 5/110-10(b) (West 2022)) that could mitigate that risk.

¶ 6    Mr. Milner represented himself at the November 14, 2023, hearing on the State's petitions. He argued that because the State had not filed a petition at his first court appearance, it was, pursuant to section 110-6.1(c)(1) of the Code (*id.* § 110-6.1(c)(1)), "past the deadline of filing a regular petition." He argued that the State was limited to filing a second or subsequent petition, under section 110-6.1(d)(2), to try to establish that *new* facts not known at the time of his bail hearing required his continued detention. *Id.* § 110-6.1(d)(2).

¶ 7    The State argued that the timing requirements in section 110-6.1(c)(1) of the Code did not apply to defendants, like Mr. Milner, who were already in custody when the Pretrial Fairness Act amendments took effect. It pointed out that the amendments to section 110-7.5(b) of the Code (*id.* § 110-7.5(b)) specifically addressed individuals in custody and provided that they were entitled to a hearing within 90 days of filing a motion for reconsideration of their pretrial detention or conditions. Because Mr. Milner had received a hearing within that timeframe, the State argued there was nothing untimely about its petitions. The circuit court agreed, and the parties proceeded with the hearing.

¶ 8    The State proffered evidence supporting the charges in each of Mr. Milner's four cases. On appeal, Mr. Milner does not challenge the substantive merits of the State's petitions or of the evidence presented. The court concluded that the proof was evident and the presumption great that Mr. Milner had committed the charged offenses, that he "posed a real and present threat to the safety of people and the community," and that there were "no conditions or combination of conditions that [could] mitigate [that] real and present threat." It noted that in a period of four months, Mr. Milner was charged with shooting four people, killing two and seriously wounding two others, offenses for which he faced life in prison.

¶ 9    The State's evidence—which included the testimony of complaining witnesses, eyewitness

identifications, video evidence, and identification by a detective who was familiar with Mr. Milner—was, in the circuit court's view, "fairly overwhelming." The circuit court also took judicial notice of a fifth case, in which Mr. Milner was charged with the aggravated battery of a correctional officer while he was in custody. Consistent with its oral findings, the court entered a detention order in each of Mr. Milner's pending cases that same day. The court advised Mr. Milner that he had the right to appeal that order within 14 days.

¶ 10 Mr. Milner did not appeal within 14 days. Instead, on May 22, 2024, he filed a "response" in each of his cases to the State's petitions for pretrial detention, as well as a motion for reconsideration of the court's detention order. The circuit court treated those filings as a request, made pursuant to section 110-6.1(i-5) of the Code (*id.* § 110-6.1(i-5)), for a reevaluation of his continued pretrial detention.

¶ 11 In his filings, and at the hearing held on May 29, 2024, Mr. Milner again argued that the State's petitions were untimely under section 110-6.1(c)(1) of the Code because they were not filed at his first appearance before a judge. He maintained that section 110-6.1 of the Code, pursuant to which the State may petition in the first instance for a criminal defendant's pretrial detention, simply did not apply to him because bail had "already been set with conditions prior to the effective date of the Act."

¶ 12 Noting that courts had "disagreed on when petitions can be filed," the circuit court again concluded that the State's petitions were timely. The judge told Mr. Milner, "You can certainly disagree and you can appeal it."

¶ 13 The circuit court agreed with the State that continued detention was necessary. The court again noted that Mr. Milner had five pending cases, with five separate victims, all involving violent crimes. Electronic monitoring and home confinement, which "cannot prevent people from

4

possessing weapons, from being out and about, [or] from threatening potential witnesses" were, in the court's view, "absolutely not appropriate," given the fact that Mr. Milner "face[d] potentially the rest of his life in prison" and was "alleged to have committed so many violent crimes in such a short period of time." The court entered a written order consistent with its findings the same day. It advised Mr. Milner that, pursuant to a recent amendment to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), he could appeal the court's ruling at any time prior to the disposition of his case, so long as he first filed a motion for relief in the circuit court.

¶ 14    On June 7, 2024, Mr. Milner filed such a motion. He again argued that the State's petitions were untimely, and the circuit court again rejected that argument.

¶ 15    Mr. Milner now appeals.

¶ 16                                    II. JURISDICTION

¶ 17    On May 29, 2024, the circuit court considered whether Mr. Milner should continue to be detained pretrial and entered an order concluding that he should. As a prerequisite to this appeal (Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024)), Mr. Milner first filed a motion for relief in the circuit court. The circuit court denied that motion on June 7, 2024, and Mr. Milner filed *pro se* notices of appeal from the court's May 29, 2024, order the same day. We ordered the Office of the State Appellate Defender to represent him and have consolidated those appeals. We have jurisdiction under section 110-6.1(j) of the Code (725 ILCS 5/110-6.1(j) (West 2022)) and Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), governing appeals from orders denying the pretrial release of criminal defendants.

¶ 18    The State argues that we lack jurisdiction to consider Mr. Milner's appeal, however, because the issue he is appealing—the timeliness of the State's petitions for pretrial detention— was first decided by the circuit court on November 14, 2023. At that time, Rule 604(h) required a

notice of appeal from a pretrial detention order to be filed within 14 days of the entry or denial of the order. Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023). The State's position is that 14 days after the circuit court entered its November 14, 2023, order detaining Mr. Milner pretrial we lost jurisdiction to review any issue resolved by that order. Our review is limited, the State maintains, to the court's decision on May 29, 2024, that continued detention was appropriate under section 110-6.1(i-5) of the Code (725 ILCS 5/110-6.1(i-5) (West 2022)).

¶ 19    In support of this argument, the State cites our decision in *People v. Hongo*, 2024 IL App (1st) 232482. There, as here, the defendant did not file a notice of appeal from the circuit court's initial pretrial detention order within 14 days but filed a timely appeal from the court's subsequent order finding that continued detention was appropriate. *Id.* ¶ 26. We concluded that the issues the defendant in that case sought to appeal—including the timeliness of the State's petition—arose from the circuit court's initial pretrial detention order, which we had lost the ability to review. *Id.* ¶ 28. We reached the same conclusion in *People v. Castle*, 2024 IL App (1st) 240669-U, ¶¶ 19-21, and *People v. Cross*, 2024 IL App (1st) 240616-U, also cited by the State.

¶ 20    Replies are not typically filed in appeals from pretrial detention orders but may be allowed "by order of court for good cause shown." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). We allowed Mr. Milner to file a reply to address the State's jurisdictional argument. In that reply, Mr. Milner notes that Rule 604(h) was amended on April 15, 2024, and now provides that an appeal may be taken from a pretrial detention order "at any time prior to conviction." Ill. S. Ct. R. 604(h)(3) (eff. Apr. 15, 2024). He argues that because this amendment concerns a matter of procedure, it applies retroactively, and therefore his appeal is timely even as to issues decided by the circuit court's November 14, 2023, order.

¶ 21    Retroactivity is a question we review *de novo*, employing the same analytical framework

used to determine whether statutory amendments should be applied retroactively. *People v. Easton*, 2018 IL 122187, ¶¶ 13-14. In Illinois, section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2022)) has been interpreted by our supreme court to provide that substantive changes apply prospectively and procedural changes retroactively, so long as there are still "ongoing proceedings" to apply them to. (Emphasis and internal quotation marks omitted.) *People v. Hunter*, 2017 IL 121306, ¶ 30.

¶ 22    Mr. Milner argues that because he filed his *pro se* notices of appeal on June 7, 2024, after Rule 604(h) was amended, there were still ongoing proceedings that the amended rule could retroactively apply to. He notes that the same was not true in the cases the State relies on. See *Hongo*, 2024 IL App (1st) 232482, ¶ 14 (notice of appeal filed on December 19, 2023); *Castle*, 2024 IL App (1st) 240669-U, ¶ 12 (notice of appeal filed on March 18, 2024); *Cross*, 2024 IL App (1st) 240616-U, ¶ 27 n.4 (date not specified, but noting that the notice of appeal was filed before the amendments to Rule 604).

¶ 23    This argument presumes that the filing of a notice of appeal is merely procedural. We acknowledge that courts have referred to the notice of appeal as a "procedural device." *Lake County Grading Co. v. Forever Construction, Inc.*, 2017 IL App (2d) 160359, ¶ 34. But our supreme court has distinguished between statutory time periods that merely fix the time within which a remedy may be sought and those that confer jurisdiction, as the filing of a notice of appeal plainly does. See *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 208-09 (1985) (holding that the statutory requirement that a complaint for administrative review be filed within 35 days was substantive in nature because it was necessary to convey jurisdiction on the circuit court to hear the matter).

¶ 24    At least one panel of this court has concluded that the filing of a notice of appeal is

procedural and that the new rule therefore applies retroactively if the defendant's notice of appeal was filed after the amendment's effective date. See *People v. Lasenby*, 2024 IL App (1st) 240918-U, ¶ 26. But because the defendant in that case filed his notice of appeal *before* the amendment took effect, the court had no need to consider whether retroactive application means that we may go back and review an initial pretrial detention order even where subsequent hearings have been held and subsequent detention orders entered. Under such circumstances, the initial order may no longer represent the basis on which the defendant is being held. Given this uncertainty, we are not inclined to decide this issue where, for the reasons below, we believe other grounds for our jurisdiction exist.

¶ 25    Mr. Milner reintroduced his argument regarding the timeliness of the State's petitions—in his May 22, 2024, motion (and at the May 29, 2024, hearing on that motion) and in his June 7, 2024, motion for reconsideration—and the record reflects that, at both junctures, the circuit court considered the argument anew, expressly incorporated its prior findings, and restated its ruling. We held in *People v. Triplett*, 2024 IL App (2d) 230388, ¶ 11, that where the circuit court reaffirms its prior ruling on the timeliness of the State's petition in an order for continued pretrial detention, that issue is reviewable on appeal from the latter order. See *People v. Williams*, 2024 IL App (1st) 240480-U, ¶¶ 26-27 (distinguishing *Hongo* and following *Triplett*). That is true here, and that is the basis on which we find we have jurisdiction to consider these consolidated appeals and, specifically, to consider Mr. Milner's argument that the detention petitions filed by the State were untimely.

¶ 26                                    III. ANALYSIS

¶ 27    Mr. Milner's sole argument on appeal—that the State's petitions for pretrial detention were untimely—is a question of statutory interpretation that we review *de novo*. *People v. Ramyyeh*,

2024 IL App (1st) 240299, ¶ 10. When interpreting a statute, our primary objective "is to ascertain and give effect to the legislature's intent," looking to "the language of the statute, given its plain and ordinary meaning" as "[t]he most reliable indicator" of that intent. *People v. Newton*, 2018 IL 122958, ¶ 14. If the language is clear, we "apply the statute as written without resort to other tools of construction." *Jackson v. Board of Election Commissioners of Chicago*, 2012 IL 111928, ¶ 48. We presume, however, "that, in enacting the statute, the legislature did not intend to produce absurd, inconvenient, or unjust results." *People v. Taylor*, 2023 IL 128316, ¶ 45. Where a statute is ambiguous, we "may consider the reason and necessity for the law, the evils it was intended to remedy, and its ultimate aims." (Internal quotation marks omitted.) *Id.*

¶ 28     Here, subsection (c) of section 110-6.1 of the Code provides that a petition for pretrial detention "may be filed without prior notice to the defendant at the first appearance before a judge" or, upon reasonable notice, within 21 calendar days of the defendant's arrest and release. 725 ILCS 5/110-6.1(c)(1) (West 2022). There is a split of authority regarding the correct interpretation of this subsection where, as here, bail was set, the defendant remained in custody when the amendments to the Code took effect, and the State petitioned for pretrial detention in response to the defendant's petition for pretrial release without conditions.

¶ 29     The State urges us to follow those decisions holding that detention petitions were timely under such circumstances. That is the position this court took in *People v. Whitmore*, 2023 IL App (1st) 231807. The defendant in that case, like Mr. Milner, had monetary bail set and was in custody when the Pretrial Fairness Act amendments took effect. *Id.* ¶ 2. He petitioned to remove the financial conditions of his pretrial release, prompting the State to request a pretrial detention hearing. *Id.* The defendant in *Whitmore* argued both that section 110-6.1 of the Code, which permits the State to petition for a defendant's pretrial detention, did not apply to him and,

alternatively, that the timing requirements of subsection (c) barred the State from filing an initial petition for pretrial detention at that time. *Id.* ¶ 10.

¶ 30     The *Whitmore* court began by noting that section 110-7.5 of the Code distinguishes, in subsections (a) and (b), between individuals who were released on bond before the Pretrial Fairness Act amendments took effect and those for whom monetary bail had been set but who remained in custody. That section provides:

> "(a) On or after [the effective date], any person having been previously released pretrial on the condition of the deposit of security shall be allowed to remain on pretrial release under the terms of their original bail bond. This Section shall not limit the State's Attorney's ability to file a verified petition for detention under Section 110-6.1 or a petition for revocation or sanctions under Section 110-6.
>
> (b) On or after [the effective date], any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5."
>
> 725 ILCS 5/110-7.5 (West 2022).

Subsection (e) of section 110-5 requires, under certain circumstances, for the circuit court to "reopen the conditions of release hearing." *Id.* § 110-5(e). The defendant in *Whitmore* argued that the circuit court therefore could do no more than reconsider the limitations of his pretrial release. *Whitmore*, 2023 IL App (1st) 231807, ¶ 7.

¶ 31     The *Whitmore* court rejected that argument, relying on the imperative in subsection (a) of section 110-7.5 that " '[t]his Section shall not limit the State's Attorney's ability to file a verified petition for detention.' " *Id.* ¶ 7 (quoting 725 ILCS 5/110-7.5(a) (West 2022)). Noting that the statute "clearly distinguishes between 'subsections' and 'sections,' " the court concluded that the

word "Section" as used in subsection (a) referred to all of section 110-7.5, including both subsection (a), addressing individuals had been released on bond, and subsection (b), addressing individuals for whom bond had been set but who remained in custody. *Id.* ¶ 8. The court concluded, therefore, that the State's ability to petition for pretrial detention was not limited in either case. *Id.*

¶ 32    The *Whitmore* court then considered the defendant's alternative argument, made here by Mr. Milner, that the State was barred by a plain reading of the timing requirement in subsection (c) of section 110-6.1 of the Code from filing a petition for his pretrial detention. The defendant in *Whitmore* argued that the State could not file a petition at the defendant's "first appearance before a judge" because that had occurred long before the Pretrial Fairness Act took effect, and it could not file one within 21 days of his arrest and release because he had not yet been released. (Internal quotation marks omitted.) *Id.* ¶ 10. The *Whitmore* court considered and rejected the reasoning employed by other courts that had found the State's petitions timely under similar circumstances. It found "quite expansive," for example, the suggestion in *People v. Haisley*, 2024 IL App (1st) 232163, ¶¶ 21-22, that the State could file a detention petition on reasonable notice even before the 21-day period following release had begun to run. *Whitmore*, 2023 IL App (1st) 231807, ¶ 13. And it likewise rejected the court's suggestion in *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 12-16, that the State could file a detention petition under section 110-6(g) of the Code, which permits increased pretrial conditions, because a motion to deny release " 'operates as a motion to increase the pretrial release conditions to the furthest extent.' " *Whitmore*, 2023 IL App (1st) 231807, ¶ 13 (quoting *Jones*, 2023 IL App (4th) 230837, ¶ 17). ¶ 14. That reasoning, the *Whitmore* court concluded, was "in tension with the Code's language suggesting that section 110-6.1 is the method by which a court may detain a defendant." *Id.* ¶ 14.

¶ 33    The *Whitmore* court instead concluded that the only way "[t]o give meaning to all the

provisions in the Code" was to read subsection (c) of section 110-6.1 as allowing the State to petition to detain defendants who were ordered released on bond prior to the effective date of the Pretrial Fairness Act. *Id.* ¶ 15. The court held, then, that

> "for individuals detained prior to the effective date of the Act who elect to seek relief under the amended Code—and only for such individuals—the State may file a petition for the denial of pretrial release 'at the first appearance before a judge' *after the effective date of the Act*." (Emphasis added.) *Id.* (quoting 725 ILCS 5/110-6.1(c)(1) (West 2022)).

The defendant in *Whitmore* had moved for relief from the financial conditions of his release, and the hearing on that motion was "his first appearance before a judge since the Act became effective." *Id.* ¶ 16. The State filed its petition that same day, to be heard at the same hearing, and the petition was therefore timely. *Id.*

¶ 34 Building on the holding in *Whitmore*, the court in *People v. McDonald*, 2024 IL App (1st) 232414, ¶ 28, recently considered a slightly different set of circumstances—where the State also petitioned for pretrial detention in response to the defendant's petition for pretrial release under the Pretrial Fairness Act, but where it did not do so at the defendant's very first appearance following the Act's effective date. The defendant in *McDonald* filed his petition for pretrial release on October 17, 2023. *Id.* That was his first appearance before a judge following the effective date of the amended statute. *Id.* The hearing was continued, however, until November 1, 2023 (14 days later), and it was not until this second appearance before the court following the effective date of the amended statute that the State filed its petition for pretrial detention. *Id.* Extending the analysis in *Whitmore*, the *McDonald* court concluded that the State's detention petition was timely. *Id.* By petitioning for pretrial release, the defendant had "opened the door to proceedings dictated by the amended statute, including the State's ability to file a pretrial detention petition in response." *Id.*

In the court's view, a defendant should not be able to avail himself of the benefit of the amended statute without also subjecting himself to the procedures it dictated. *Id.*; see also *People v. Watson*, 2024 IL App (1st) 240207-U, ¶¶ 28-43 (Tailor, J., dissenting) (following *McDonald*).

¶ 35    A number of other panels of this court have concluded, like the *Whitmore* court, that the timing requirements in subsection (c) of section 110-6.1 of the Code do not prevent the State from filing a petition for the pretrial detention of an individual previously ordered released on monetary bail but who remained in custody when the Pretrial Fairness Act took effect. See *People v. Keys*, 2024 IL App (1st) 231880-U, ¶¶ 6-9 (collecting cases and noting that "[a]s appellate decisions from bail determinations under the new Act proliferate, a consensus is building" on this issue). Others have gone on to follow the *McDonald* court's further refinement of the holding in *Whitmore*. See, *e.g.*, *People v. Common*, 2024 IL App (1st) 240336-U, ¶ 18.

¶ 36    Mr. Milner urges us instead to follow two cases—*People v. Brown*, 2023 IL App (1st) 231890, and *People v. Watkins-Romaine*, 2024 IL App (1st) 232479, *appeal allowed*, No. 130618 (Ill. June 18, 2024)—that take a far narrower view of the steps the State may take with respect to individuals like Mr. Milner. In both of those cases, panels of this court rejected the reasoning adopted by the decisions cited above as contrary to the plain language of the timing requirement in subsection (c) of section 110-6.1. *Watkin-Romaine*, 2024 IL App (1st) 232479, ¶ 37; *Brown*, 2023 IL App (1st) 231890, ¶ 20.

¶ 37    We are likely soon to have guidance on this issue, as our supreme court heard argument in *Watkins-Romaine* on September 10, 2024. We believe, however, that the answer to the question presented by this appeal is far simpler than either the parties' arguments or these cases imply. Section 110-7.5(b) of the Code squarely addresses individuals, like Mr. Milner, who were ordered released on bond but remained in custody when the Pretrial Fairness Act amendments took effect.

725 ILCS 5/110-7.5(b) (West 2022). It plainly states that such individuals "shall be entitled to a hearing under subsection (e) of Section 110-5." *Id.* That subsection in turn provides that the circuit court "shall hold a hearing to determine the reason for continued detention" and, "[i]f the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency," the court "*shall reopen the conditions of release hearing*." (Emphasis added.) *Id.* § 110-5(e). Subsection (a) of section 110-5, which must be read in conjunction with subsection (e), sets forth factors the court should consider when deciding "which conditions of pretrial release, *if any*, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." (Emphasis added.) *Id.* § 110-5(a). The words "if any" make clear that one possible result of such a hearing is that the court may conclude there are *no* appropriate conditions of release. See *id.*

¶ 38    Nothing in section 110-5 of the Code forbids the State from arguing that no presently available conditions will reasonably ensure the three outcomes the court must consider. Nor does anything in that section require the State to stand mute during a reopened hearing on conditions of release. And, notably, section 110-5 contains no limitation on the *time* within which the State may make such an argument. Section 110-6.1(c)(1) sets forth the two time periods in which the State may *initiate* proceedings under the Pretrial Fairness Act by filing a pretrial detention petition either with or without notice to the defendant. *Id.* § 110-6.1(c)(1). But under sections 110-7.5(b) and 110-5(e), it is not the State but the defendant who has initiated proceedings under the Pretrial Fairness Act. The specific time limits under section 110-6.1(c)(1) that dictate the times the State may initiate detention are simply not applicable.

¶ 39    That said, we do believe the appropriate *mechanism* for the State to argue that no conditions of pretrial release are adequate in a reopened hearing on the conditions of release is a verified petition for pretrial detention made under section 110-6.1 of the Code. The Pretrial Fairness Act amendments are founded on the presumption that every criminal defendant is entitled to pretrial release (*id.* § 110-2(a)), and it is the State's burden to prove by clear and convincing evidence that pretrial release should be denied (*id.* §§ 110-2(c), (e); 110-6.1(e)). The Pretrial Fairness Act makes clear that pretrial release may be denied "only if" the conditions in section 110-6.1 are met (*id.* § 110-6.1(a)) and that section is where the contents of the State's petition, the factors the court must consider, and the contents of the court's pretrial detention order are all set out (*id.* § 110-6.1(d), (f)-(h)).

¶ 40    Here, it was Mr. Milner, and not the State, who initiated proceedings under the Pretrial Fairness Act by requesting, pursuant to section 110-5(e) of the Code (*id.* § 110-5(e)), a reopening of the hearing on his conditions of pretrial release. Because section 110-5(a) of the Code specifically contemplates that one possible result of such a hearing is a finding that no pretrial conditions will reasonably ensure the defendant's appearance in court, the safety of individuals or the community, or the defendant's compliance with all conditions of release, we hold that the State's petition for Mr. Milner's pretrial detention was not barred as untimely by section 110-6.1(c).

¶ 41                                    IV. CONCLUSION

¶ 42    For the above reasons, we affirm the circuit court's order detaining Mr. Milner pending trial. Our mandate, which normally issues within five days in appeals from pretrial detention orders (Ill. S. Ct. R. 613(d) (eff. Apr. 15, 2024)), is stayed, pursuant to Rule 368(c) (Ill. S. Ct. R. 368(c) (eff. Oct. 1, 2020)), until the time for Mr. Milner to seek review by our supreme court expires or,

15

if review is timely sought and granted, until final disposition of the appeal by that court.

¶ 43    Affirmed.


¶ 44    JUSTICE ODEN JOHNSON, specially concurring:

¶ 45    I agree with my colleagues that the State can respond to defendant's petition, for the reasons already stated in this court's opinion in *People v. McDonald*, 2024 IL App (1st) 232414. *Supra* ¶ 34. However, I respectfully disagree with the suggestion in the special concurrence that we are somehow employing an " 'opening the door' " analysis (*infra* ¶ 47 (Mitchell, J., concurring)). The State has a right to respond.


¶ 46    JUSTICE MITCHELL, specially concurring *dubitante*.

¶ 47    I agree with my colleagues that the State can bring a petition to detain under the circumstances presented here: where a defendant in custody pursuant to a bail determination under the old law seeks to have the conditions of his pretrial release reconsidered under the new law. In *People v. Whitmore*, 2023 IL App (1st) 231807, we reached this conclusion based on our analysis of the text and structure of the statute. However, I cannot say that the majority is wrong in employing a different rationale, which ties the State's ability to petition to detain to a defendant seeking reconsideration of a prior conditions determination. But in future cases, this "opening the door" analysis could undermine the timing limitations in the statute by allowing a belated petition to detain anytime a defendant seeks to reconsider a prior conditions determination. I have doubts about such an approach.

*People v. Milner*, 2024 IL App (1st) 241284

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. 18-CR-1297101, 19-CR-0760001, 19-CR-0908701; the Hon. Diana L. Kenworthy, Judge presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Benjamin Wimmer, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Andre L. Milton, Assistant State's Attorney, of counsel), for the People. |